GEISER THRESHING MACHINE COMPANY VS. SMITH and another.

COSTS. (1) *Not recoverable without damages.* (2) *Error to give judgment for, after payment of principal demand.*

| 36 | 295 |
|----|-----|
| 78 | 333 |

| 36 | 295 |
|------|-----|
| d107 | 651 |

| 36 | 295 |
|-----|-------|
| 113 | 2 55 |

1. Upon issue joined in an action sounding in damages, plaintiff cannot recover costs without damages.
2. Where, after commencing an action upon a note, plaintiff accepted payment of the amount due on the note, this extinguished his right of action; and it was error to render judgment in his favor for the *costs* of the suit.

APPEAL from the Circuit Court for *Winnebago* County.

Action upon a promissory note. Special verdict as follows: "That on the 18th of March, 1873, defendants paid to plaintiff's attorney the principal and interest on the promissory note described in the complaint, in full; that plaintiff's attorney accepted the money, but claimed $17 costs, which defendants refused to pay, and plaintiff's attorney kept the note and refused to surrender it until the costs were paid; and that on the 17th of March, 1873, the summons and complaint in this action were delivered to the sheriff of the county of Winnebago, with the *bona fide* intention and design to have them served upon the defendants; that said summons and complaint were actually served on the 28th of March, 1873; that on the said 17th of March, 1873, both of the defendants were actual residents of the county of Winnebago; that there is in said note an agreement to pay to the plaintiff five per cent. for attorney's fees if suit be brought on said note."

Upon this verdict plaintiff had a judgment for costs, from which defendants appealed.

*Felker & Weisbrod,* for appellants, contended that the suit was not begun before payment, and plaintiff was therefore not entitled to costs. An action is begun by service of the summons. Tay. Stats., 1427, § 1; 18 Wis., 69; 14 id., 591. For

general purposes the summons must be served, and the service must be such a notice to the defendant as to make him a party, and render it necessary for him to appear and defend. 1 Wait's L. & P., 501; 8 Bosw., 617; *Wiggin v. Orser*, 5 Duer, 118; 17 Conn., 216; 4 id., 151; 6 id., 30; 9 id., 535; *Kirby v. Jackson*, 42 Vt., 552; *Jarvis v. Barrett*, 14 Wis., 591; *Bell v. Olmsted*, 18 id., 69; 1 Sandf., 131; 6 Barb., 504; *Reed v. Chubb*, 9 Iowa, 178; *Elliot v. Stevens*, 10 id., 418. But even if the suit were begun for general purposes, the acceptance of principal and interest extinguished the debt, and the extinction of the debt carried with it the costs. It is well settled that costs, until judgment, are but an incident of the debt. There was no judgment for damages, and the costs were not an independent claim against defendants. Therefore, when plaintiff's attorney accepted the principal and interest, the debt was discharged, and the costs, including the five per cent. attorney's fees, being but an incident of the debt, were extinguished. *Buell v. Fowler*, 39 Conn., 462; 31 id., 477; 19 id., 529; 3 Denio, 174; 42 Barb., 192; *Johnston v. Brannan*, 5 Johns., 267; *Torrey v. Hadley*, 14 How. Pr., 357; id., 300; 27 id., 105; *Osgood v. Green*, 33 N. H., 318; 17 Me., 178–180.

*Jackson & Halsey, contra,* contended that the defendants did not pay all that was due upon the note according to its letter and spirit, the stipulation for attorney's fees being valid and binding. *Boyd v. Sumner*, 10 Wis., 41; *Hitchcock v. Merrick*, 15 id., 522; 3 id., 443; 12 id., 179. 2. Even in the absence of the stipulation in the note, plaintiff was entitled to the costs and disbursements up to the time of tender. 19 Wend., 304. 3. The statute provides that an attempt to begin an action shall be equivalent to beginning it, within the meaning of the statute, where the summons is delivered to the sheriff with intent that it shall be actually served. Tay. Stats., 1626, § 27. And see *Hagan v. Burch*, 8 Clarke (Iowa), 309, construing a statute similar to our own. And see also *Bell v. Olmsted*, 18 Wis., 69.

Carpenter vs. Tatro.

RYAN, C. J. The code appears to sanction the pendency of an action *in pais*; a dangerous anomaly, tending to abuse. It is not necessary, however, to decide when this suit was commenced. Because, whether it was commenced or not, the acceptance by the plaintiffs of full payment of the amount due on the note extinguished their right to prosecute it. It may be that the plaintiffs might have refused the payment, and prosecuted the suit to judgment for damages and costs. But they could not receive the damages and reserve the right to prosecute the suit for costs. *Canfield v. School District*, 19 Conn., 529; *Ayer v. Ashmead*, 31 id., 447; *Buell v. Flower*, 39 id., 462; and other cases cited by the appellants. We take it that the code does not sanction the other anomaly, that, upon issue joined in an action sounding in damages, the plaintiff may recover costs, without damages, as happened in this case. In such cases, the right to recover costs is a mere incident of the right to recover damages.

*By the Court.* — The judgment of the court below is reversed.