Dr. Shoop Family Medicine Company, Appellant, vs.
Schowalter, Respondent.

*February 24—March 22, 1904.*

*Appealable orders: Settlement pending suit: Jurisdiction: Judgment of dismissal: Costs.*

1. An order denying a motion for findings and judgment in plaintiff's favor, on the ground that the court has no jurisdiction, "in effect determines the action and prevents a judgment from which an appeal might be taken," and is appealable under subd. 1, sec. 3069, Stats. 1898.
2. In an action for specific performance of a contract plaintiff paid into court $50 for defendant's benefit, and defendant deposited in court a deed of the premises in dispute, to be delivered to plaintiff only upon payment by him of $175, the amount of a counterclaim. Afterwards by agreement defendant took the $50 and consented that plaintiff take and keep the deed without further payment; and plaintiff accepted and retained the deed. *Held*, that this was a voluntary settlement of the controversy by the parties.
3. Voluntary settlement of the controversy by the parties pending an action does not deprive the court of jurisdiction to enter judgment dismissing both the complaint and a counterclaim.
4. Except in case of some express statutory provision, an extinguishment of the entire cause of action by settlement pending the action with no mention of costs extinguishes the right to costs.

Appeal from an order of the circuit court for Racine county: E. B. Belden, Circuit Judge. *Reversed.*

This is an action in equity, brought to compel the specific performance of a contract. The complaint charged that a contract was made between the plaintiff and the defendant, by which, for a commission of $50, to be paid, the defendant was to purchase in his own name for the plaintiff a certain described piece of real estate on the best terms possible, not exceeding a certain price, and immediately after such purchase convey the same to the plaintiff; that the defendant purchased said property for $1,375, which sum the plaintiff

thereupon paid the defendant, but that defendant refused
to convey the same to the plaintiff. Judgment was demanded
that the plaintiff was the owner of the premises, and com-
pelling the defendant to convey the same to the plaintiff.
The defendant's answer set up by way of counterclaim a
somewhat different version of the contract, and claimed that
there was still owing from the plaintiff to the defendant $125
upon the purchase price of the premises, as well as $50 com-
mission, making in all $175 which the plaintiff should pay
under the terms of the contract. The defendant also brought
into court and deposited a deed of the premises, which he
offered to deliver to the plaintiff upon payment of $175,
and prayed for judgment that, as a condition of the delivery
of said deed, the plaintiff be required to pay said sum of
$175, and that the defendant have judgment for costs. To
this counterclaim the plaintiff replied by general denial.

There is no bill of exceptions. The action was tried, and
the issues of fact were submitted to the jury for an advisory
verdict, such verdict being, in effect, in accordance with the
plaintiff's contention. After the return of the verdict the
plaintiff moved for findings and judgment in its favor, and
also for judgment dismissing the counterclaim. To these mo-
tions the defendant objected on the ground that there had
been a settlement of the controversy by the parties, and two
affidavits were filed, showing that on the trial of the action
plaintiff paid $50 into court for the defendant's benefit, and
that after the trial one of the plaintiff's attorneys met one
of the defendant's attorneys in the office of the clerk of the
court, and it was mutually agreed that the plaintiff should
withdraw the deed and the defendant the $50 which had
been deposited in court, and such withdrawals were made
in pursuance of the agreement, and that the deed has ever
since been in the possession of the plaintiff. These facts
were not disputed by the plaintiff. The court filed a decis-

ion stating that, in his opinion, these acts constituted a full settlement of the controversy, and that the court had no further jurisdiction. Afterwards the court made an order upon the motions reciting the facts, and ordered and adjudged that the action was fully settled and the court was without jurisdiction to make findings or render judgment on either of plaintiff's motions, and therefore the same were denied. From this order the plaintiff appeals.

For the appellant there was a brief by *Cooper, Simmons, Nelson & Walker,* and oral argument by *J. B. Simmons.* As to appellant's right to costs, they cited *Kusterer v. Wise,* 59 Mich. 382; *Jeffersonville R. Co. v. Weinman,* 39 Ind. 231; *Wagner v. Wagner,* 9 Pa. St. 214; *Martin v. White,* 1 Bibb, (Ky.) 583; 5 Ency. Pl. & Pr. 147, par. *b; Two Rivers Mfg. Co. v. Beyer,* 74 Wis. 210.

For the respondent there was a brief by *Kearney, Thompson & Myers,* and oral argument by *W. D. Thompson.*

WINSLOW, J.   There can be no question but that the action of the court appealed from in the case is an order, and not a judgment. It is true that the word "adjudged" is used in the body of the document, but upon close examination we find that all it attempts to do is to deny certain motions for findings and judgment on the ground of lack of jurisdiction. "A judgment is the final determination of the rights of the parties in the action." Sec. 2882, Stats. 1898. That the order in question is not such a determination seems self-evident. It simply refuses to determine them. Being an order, the question of its appealability, though not debated by the parties, must necessarily be considered, as it is a jurisdictional question. It seems evident that, generally speaking, an order simply refusing to make findings and judgment in plaintiff's favor would not be appealable, because it would not be an order in effect determining the action nor prevent-

ing a judgment from which an appeal might be taken. Subd. 1, sec. 3069, Stats. 1898. Judgment for the defendant might still be entered notwithstanding the refusal to enter judgment for the plaintiff. In fact, the order might be made for the very reason that judgment for the defendant should be rendered. Where, however, the order is based upon the ground that the court has no jurisdiction, the situation is entirely different. The effect of the order then is that no judgment can ever be entered. It is in all essential respects similar to an order striking a cause from the calendar on the ground of lack of jurisdiction, which this court has held appealable. *Ashland v. Whitcomb,* 114 Wis. 99, 89 N. W. 886.

The trial court held, upon the facts presented in the affidavits, and undisputed, that there had been a voluntary settlement by the parties of the entire controversy, and the first question to be considered is whether this conclusion is correct. Of course, the mere act of withdrawing from court money tendered by the opposing party does not of itself constitute a settlement or discharge of a claim. This is well understood. Money so tendered belongs to the party for whose benefit it is paid into court. *Fox v. Williams,* 92 Wis. 320, 66 N. W. 357; *Schnur v. Hickcox,* 45 Wis. 200. In the present case the plaintiff had paid into court $50 for the defendant's benefit, and the defendant had deposited in court a deed of the premises in dispute, not for unconditional delivery to the plaintiff, but only to be delivered on payment by the plaintiff of $175. The plaintiff was not entitled to the deed under the tender except upon condition that it pay this last-named sum. This being the situation, the parties met, and by agreement took both the money and the deed out of the custody of the law. The defendant took the $50, consenting at the same time that the plaintiff might take and keep the conveyance without paying the additional sum which

he had demanded in his answer. The plaintiff accepted the deed, and has ever since retained it. Here was not a mere withdrawal by one party of money or property deposited in court without condition, but a voluntary withdrawal by both parties of both deed and money from the court, and an exchange of the same by virtue of a new agreement, whose conditions differed materially from the conditions under which they were held by the court. We cannot but regard this as a voluntary settlement of the controversy by the parties pending the litigation, and the only remaining question is as to the effect of the settlement upon the litigation itself. Upon this question the conclusion of the trial court seems to have been that there was a complete loss of jurisdiction, and that the action can never be disposed of, but must be left forever hanging between heaven and earth, like Mahomet's coffin. This was certainly an erroneous idea. Although there was no jurisdiction to try the controversy because the controversy had passed out of existence, still there was jurisdiction left in the court to dismiss both the complaint and the counterclaim because the controversy had been settled. Where no controversy exists, a court will dismiss the action for that very reason. *Williams v. Williams,* 117 Wis. 125, 94 N. W. 25. So, while the court was right in refusing to make findings and judgment for the plaintiff upon its original cause of action, it was wrong in holding that there was no jurisdiction in the court to enter any judgment, and wrong in denying the motion to dismiss the counterclaim. Judgment should have been entered dismissing both the complaint and the counterclaim. There could be no costs properly granted to either party upon the dismissal, because both causes of action had been entirely extinguished by the settlement. Except in case of some express statutory provision, an extinguishment of the entire cause of action by settlement pending the action with no mention of costs extinguishes the right to

costs. *Geiser T. M. Co. v. Smith,* 36 Wis. 295; *Two Rivers Mfg. Co. v. Beyer,* 74 Wis. 210, 42 N. W. 232; *Cernahan v. Chrisler,* 107 Wis. 645, 83 N. W. 778. It seems best to reverse the entire order and direct the proper judgment.

*By the Court.*—Order reversed, with costs, and action remanded with directions to dismiss the complaint and counterclaim without costs in the trial court.