SQUIRES, by guardian, Respondent, vs. BROWN, Appellant.

*October 9—November 4, 1919.*

*Master and servant: Stump-puller not within statutory prohibition against operation by minors: Contributory negligence of minor: Constitutional law: Delegation to industrial commission of power to determine what employments dangerous: Costs: Not part of cause of action: Plaintiff and defendant each successful in part.*

1. The legislature, in prohibiting the employment of minors in dangerous and unhealthful occupations, had the power to determine which occupations and places of employment were dangerous or unhealthful or could delegate determination thereof to the industrial commission.

2. The employment of a minor as a farm hand in the occupation of pulling stumps with a stump-puller was within sub. 2, sec. 1728a, Stats., prohibiting the employment of minors in dangerous or unhealthful occupations, a stump-puller not being an elevator, lift, or hoisting machine, within schedule (b), par. 6, designating the running of "elevators, lifts, or hoisting machines" as dangerous or unhealthful, and agricultural occupations not coming within the prohibition of such statute, in view of sec. 1728e, and notwithstanding sec. 2394—41.

3. The child-labor statutes not being applicable to the case, a seventeen-year-old farm hand, injured while pulling stumps with a defective stump-puller, cannot recover in an action against his employer for negligence, where his own want of ordinary care proximately contributed to his injuries.

4. The costs of an action are the creature of the statutes and not a part of the cause of action.

5. In a minor's action against his employer for injuries and for wages, where the employer contested the claim for wages because of the minor's failure to allege emancipation, and agreed, upon the father's relinquishment of the right to wages, in open court, to recovery upon the cause of action for wages, the minor was entitled, under secs. 2918, 2920, 2789, to costs, notwithstanding the failure to recover for injuries, since there could be no apportionment of costs, although each party is successful as to part of the issues tried.

APPEAL from a judgment of the circuit court for Sauk county: JAMES O'NEILL, Judge. *Modified and affirmed.*

This action was brought by the plaintiff to recover damages for injuries alleged to have been sustained by him while in the employ of the defendant. Plaintiff claims to have been permanently disabled by these injuries, which he alleges resulted from the carelessness and negligence of the defendant.

Plaintiff was employed by defendant as a farm hand from January 1, 1917, to December 3, 1917, when the accident resulting in plaintiff's injuries occurred. At the time of the accident plaintiff was seventeen years, ten months, and twenty-seven days of age. When injured he was working on a stump-puller. This machine consists of a drum to which a cable is attached, and which is rotated by means of a sweep. The draft end of this sweep, to which a horse was hitched, is about twelve feet in length, and the opposite, or balance, end projects beyond the drum about seven feet. Plaintiff's duties were to throw the machine out of gear, help pull the cable back, keep the drum clear, and start the horse. While leading the horse and walking between it and the drum the draft end of the sweep broke near the drum and the balance end revolved and struck the plaintiff, causing the injuries complained of. Plaintiff's arm was broken in different places, his hip was fractured, and his thigh lacerated by the sweep. He claims that by reason of his injuries he has lost the use of his hand and arm and that his leg is permanently crippled.

Plaintiff contends that the sweep was old and rotten and not sufficiently strong to resist the pull of the horse and the strain of the rope; that the defendant was negligent in not providing the machine with a safety device known as a "dog," which is usually attached to the drum of a stump-puller, and in case of the sweep breaking prevents the sweep from flying back; that the defendant knew the defective condition of the drum without such safety device, while plaintiff was entirely ignorant of the necessity of such "dog;" and that in operating the stump-puller plaintiff was acting

under instructions from the defendant.   Plaintiff also al-
leged that he has been put to an expense of $1,200 by rea-
son of physician's bills, hospital bills, medicine, etc., and
that no part thereof has been paid by the defendant except-
ing the sum of $375, and that defendant paid the sum of
$375 as a part of his liability for the damage sustained by
the plaintiff.

For a second cause of action the plaintiff alleges that de-
fendant owes him $275 in wages.

Defendant denies that the stump-puller in question was in
anywise defective or out of ordinary working condition or
repair and that plaintiff's injuries were caused by any act of
negligence on part of the defendant.   He alleges that plaint-
iff was familiar with the use of the defendant's stump-
puller and that on the day of the accident plaintiff had been
instructed by defendant to walk and keep outside the circle
of the machine's sweep when the stump-puller was in action.
He claims that plaintiff's injuries were entirely due to fail-
ure to obey these alleged instructions.   Defendant admits
advancing some money towards the defraying of plaintiff's
bills, but denies any admitted liability.

The case was tried before the court and a jury.   By a
special verdict the jury found (1) that defendant failed to
exercise ordinary care in providing the stump-puller with
safety devices; (2) that such failure to exercise ordinary
care was a proximate cause of the plaintiff's injury; (3) that
defendant did not fail to exercise ordinary care in providing
a sufficient sweep; (4) that defendant failed to exercise or-
dinary care of providing the device called a "dog;" (5) that
such failure to exercise ordinary care was a proximate cause
of the injury; (6) that a want of ordinary care on plaintiff's
part proximately contributed to his injury.

Plaintiff requested a finding by the court that the employ-
ment and place of employment were dangerous and prejudi-
cial to his life, safety, and welfare, and moved for judgment
in his favor notwithstanding the verdict; to strike out the

answers in the special verdict, and in the alternative to grant
a new trial because of alleged error in the refusal to submit
certain questions in the verdict.

Defendant filed motions to change the answers to the first,
second, fifth, and sixth questions and for judgment on the
verdict as so amended; for judgment upon the verdict dis-
missing plaintiff's first cause of action; and for judgment
notwithstanding the verdict.

The court, among other things, found that at the time of
the injury plaintiff was engaged in an agricultural pursuit
which involved the use of mechanical power and that the
place of employment and the employment were dangerous
and prejudicial to the life, health, safety, and welfare of the
plaintiff; that by reason of the defendant having removed
the safety device from the stump-puller the employment and
place of employment were not as free from danger to the
life, health, safety, and welfare of plaintiff as the nature of
the employment and place of employment would reasonably
permit.

The court thereupon made an order denying defendant's
motions and judgment was entered in favor of the plaintiff
for the sum of $2,897.27 and costs. Appeal is taken from
such judgment.

For the appellant there were briefs by *V. H. Cady* of
Baraboo, attorney, and *Grady & Farnsworth* of Portage, of
counsel, and oral argument by *Daniel H. Grady.*

For the respondent there was a brief by *Grotophorst,
Thomas & Quale* of Baraboo, and oral argument by *H. H.
Thomas.*

SIEBECKER, J.     The trial court held that since the plaint-
iff at the time of the accident was a minor of the age of
seventeen years the rights and liabilities of the plaintiff and
defendant arising under the facts and circumstances shown
are governed by the child-labor statutes embraced in sub. 2,

sec. 1728*a,* sub. (1) and (11), sec. 2394—41, and sec. 1728*h,* Stats.

The court held that the facts indisputably show that plaintiff was injured while employed by defendant in pulling stumps with a stump-puller; that this employment of plaintiff was an engagement in an agricultural pursuit involving the use of mechanical power; that defendant's negligence in failing to furnish a stump-puller properly equipped with a "dog" or safety device for its safe operation made the employment and place of employment not as free from danger to the life and safety of plaintiff as the employment and place of employment would reasonably permit; and that plaintiff's contributory negligence constituted no defense in the action, because this employment of plaintiff while a minor by defendant subjected defendant to criminal liability for violation of the child-labor law within the rule of *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84, and other cases.

Did the court err in holding that the employment of the plaintiff was in violation of sub. 2, sec. 1728*a?* This statute provides that

"No employer shall employ, require, permit or suffer any minor . . . to work in any place of employment, or at any employment dangerous or prejudicial to the life, health, safety or welfare of such minor. . ."

This provision is followed by others in the same section imposing duties and conferring powers on the industrial commission to ascertain and fix "such reasonable classifications of employments and places of employment" of minors, "and to issue general or special orders prohibiting the employment of such minors . . . and to carry out the purposes of sections 1728*a* to 1728*j,* inclusive, of the statutes." The provisions of secs. 2394—41 to 2394—70 are made a part of this statute so far as applicable and consistent there-

with, to empower the commission to order the classification and for testing the validity thereof and enforcing the same in judicial proceedings, and provide that the penalties prescribed in these last sections shall be applied and imposed for any violation of secs. 1728a to 1728j, inclusive.    These provisions are followed by this clause:

"Until such time as the said commission shall so investigate, ascertain, determine and fix the classifications provided in this section, the employments and places of employment designated in the following schedule shall be deemed to be dangerous or prejudicial to the life, safety, health or welfare of minors under the ages specified," or dangerous to the life, etc., of others where such minor is employed.

A schedule of employments or places of employment dangerous or prejudicial to the life and safety of minors under the ages specified are designated in the act, denominated "a," "b," and "c."    These schedules classify minors according to age, schedule "a" embracing those between eighteen and twenty-one years of age.    The terms and provisions of this statute indicate that the legislature intended to ascertain, determine, and fix a classification of employments and places of employment which were in fact dangerous or prejudicial to the life, health, safety, and welfare of minors and enumerated them in the appended schedules.    It is expressly enacted that such schedules are to remain as the classification until the industrial commission shall, under the powers conferred on it in the Statutes, make a different classification. The commission has not changed the classification so made by the legislature.    An interpretation of sub. 2, sec. 1728a, requires that all its provisions be construed together, and when so treated it is evident that the legislature condemned the employment of minors and females in what the legislature considered dangerous and unhealthful occupations.    To accomplish this result it was appropriate for the legislature to declare which employments and places of employment are within this category.    Determination of which employments

and places of employment come within this category was a fact for it to ascertain within its legislative function, or, if it was deemed proper, such determination of fact could appropriately be committed to an agency such as the industrial commission. *State v. Lange C. Co.* 164 Wis. 228, 157 N. W. 777, 160 N. W. 57. The terms and provisions of this statute clearly indicate that the general prohibition of the first sentence in sub. 2, sec. 1728*a*, applies and is restricted to such employments and places of employment as are specified in the schedules as dangerous, or which may be so classified upon investigation by the industrial commission under the powers conferred on it. Concededly this legislative schedule has never been changed by the commission.

It remains to be determined whether or not the facts and circumstances of the case show that plaintiff at the time of his injury was engaged in an employment or place of employment specified in schedule (a), (b), or (c) of this statute.

Plaintiff was a minor under eighteen years of age at the time of the accident and hence can only be included in schedule (b) of sub. 2, sec. 1728*a*. It is contended in his behalf that his employment and place of employment were included in paragraph 6 of schedule (b), which reads as follows: "Elevators; in the running or management of any elevators, lifts or hoisting machines." It is claimed that the stump-puller in question, as described by the witnesses, is a mechanical contrivance commonly known as an elevator, lift, or hoisting machine. We think it manifest that it is not within the class of mechanical contrivances designated as an elevator, lift, or hoisting machine in paragraph 6 of schedule (b). Nor do we find any other designated employment or places of employment in the schedules of this statute that cover and include the plaintiff's employment. The trial court found the plaintiff was engaged at the time of the accident in an agricultural pursuit involving the use of mechanical power and upon that ground held plaintiff's employment was one

included in the prohibition of sub. 2, sec. 1728a.  This con-
clusion was arrived at upon the ground that the part of this
section declaring that "The terms 'place of employment,'
'employment,' . . ." as used in this section should be con-
strued as defined in sec. 2394—41 of the Statutes.  This
language in its ordinary significance does no more than
import the definition of these terms as there used into sub. 2,
sec. 1728a.  That the legislature did not thereby intend to
include any employment in agricultural pursuits within the
terms of sub. 2, sec. 1728a, is clearly negatived by expressly
exempting them therefrom by sub. 4 of sec. 1728e, Stats.,
which declares: "Nothing contained in section 1728a to
1728j, inclusive, shall be construed *to forbid any child* from
being employed *in agricultural pursuits,* nor to require a per-
mit to be obtained for such child."  The terms of this pro-
vision permit of no inference other than that the employ-
ment of minors in agricultural pursuits is not included within
the prohibited employments specified in secs. 1728a to 1728j.

The result is that the rights and liabilities of the parties
to this action are not governed by the statutes above referred
to respecting the employment of minors, and their rights are
governed by the law applicable to persons generally for the
recovery of damages for personal injuries proximately
caused by the acts of another.  The jury has found that the
defendant's negligence in failing to furnish a stump-puller
with safety devices and guards so as to make it as free from
danger to the plaintiff as the nature of the employment
would reasonably permit was a proximate cause of plaintiff's
injuries.  In answer to question 7 they found that a want of
ordinary care on plaintiff's part proximately contributed to
his injuries.  These findings must be accepted as verities in
the case.  It necessarily follows that plaintiff's contributory
negligence defeats his right to recover any damages for the
injuries he sustained.

The defendant contends that plaintiff is not entitled to re-
cover the costs in the action which were incurred in the trial

Squires v. Brown, 170 Wis. 165.

of the cause of action for personal injuries. It appears that plaintiff is entitled to recover the sum of $252.17, the balance due him under the contract for services rendered for the defendant upon the second cause of action alleged in the complaint. It is claimed that defendant did not contest this claim for wages plaintiff had earned and which remained unpaid, but that the complaint failed to allege plaintiff's emancipation and hence that his father was entitled thereto. Upon the trial the father in open court relinquished such right, whereupon it was agreed that the foregoing amount was to be recovered upon the second cause of action. The argument is made that the costs and disbursements incurred in the trial of the case were almost wholly incurred in the trial of the issues arising out of the alleged cause of action for personal injuries, and, since plaintiff cannot recover on this cause of action, such costs cannot be recovered as an incident to the recovery on the second alleged cause of action. Sec. 2918, Stats., provides: "Costs shall be allowed of course to the plaintiff in an action in the circuit court upon a recovery in the following cases, except when otherwise especially provided by law;" and then enumerates wherein they can be recovered. Sec. 2920 provides: "Costs shall be allowed of course to the defendant in the actions mentioned in the two preceding sections *unless* the plaintiff be entitled to costs therein, . . ." It must be borne in mind that the costs of action are the creature of the statutes and not a part of the cause of action. *Two Rivers Mfg. Co. v. Beyer,* 74 Wis. 210, 42 N. W. 232. Under the foregoing statute the plaintiff is entitled thereto upon a recovery in his favor, and the defendant shall recover costs in the action "unless the plaintiff be entitled to costs therein." These provisions clearly indicate that costs shall be awarded to the plaintiff if he obtains any recovery, and that the defendant is entitled thereto only when the plaintiff fails in a recovery in the action. No provision is made for apportionment of costs although each party is successful as to a part of the issues tried. The

only statute bearing on an apportionment of costs is sec. 2789, Stats., which authorizes defendant to offer judgment in writing before trial, and if not accepted by the plaintiff he cannot recover costs from the time of such offer, and must pay defendant's costs thereafter unless he recovers a more favorable judgment.    Under statutes like those of this state, courts have held that costs cannot be apportioned between the parties although both succeed in part in the litigation. 15 Corp. Jur. p. 25, § 10 *et seq.*

The plaintiff having recovered in the action, he is entitled to the costs provided for in sec. 2918, Stats., in actions based on contract.

*By the Court.*—The judgment appealed from is modified by deducting from the whole amount of damages recovered, namely, the sum of $2,897.17, the amount awarded plaintiff as a recovery on his first cause of action as damages for personal injuries, namely, $2,645; and leaving the balance of $252.17 as damages recovered in his second cause of action, together with his costs and disbursements taxed and allowed at the sum of $224.50, making a total recovery of $476.67; and as so modified the judgment is affirmed.