[Civ. No. 6884. First Appellate District, Division One.—April 8, 1930.]

MAUD WATSON DOZIER, Executrix, etc., Respondent, v. C. D. HILLMAN, Appellant.

L. L. James and C. K. Bonestell for Appellant.

C. F. Kimball for Respondent.

THE COURT.—This is an action brought by Thomas B. Dozier, since deceased, to recover from C. D. Hillman the sum of $3,227, with interest, according to the terms of a promissory note purporting to have been executed by Hillman on November 8, 1921.

The note was made payable to Laymance Real Estate Company, a corporation, and was by it transferred before maturity to Dozier.

The defendant in his answer to the complaint admitted the execution of the note, but alleged payment. In a supplemental answer he denied the execution of the note, alleging the same to be a forgery.

The trial court found in Dozier's favor, and entered judgment accordingly, with attorneys' fees in the sum of $1,000.

The defendant, who has appealed, contends that the finding that he executed the note is not supported by the evidence, and that the allowance of the above amount as an attorney's fee was an abuse of discretion.

The testimony shows that the document in question was indorsed for the corporation by William J. Laymance, its secretary, and delivered to Dozier for a valuable consideration shortly after its date. It appears that the defendant over a period of years had considerable business both with the company and its secretary. On April 4, 1923, Dozier sent a letter to the defendant, stating that the note (describing it) had been transferred to him and requesting payment. The defendant made no reply to this letter, but admits its receipt. Suit was commenced on the note and an amended complaint filed in the action on January 25, 1927. Thereafter two other letters passed between the parties; one dated August 2, 1927, was sent by the defendant, stating in effect that the note had been fully paid to William J. Laymance and making no claim that the same was a forgery. In reply Dozier on August 4, 1927, denied the statement that the note had been paid. Defendant's answer alleging payment, was filed on August 31, 1927; his supplemental answer, denying the execution of the note, was filed on October 13, 1927, which was after the trial of the cause had commenced. The trial opened on September 14, 1927, and on that day the defendant, who was called as a witness for the plaintiff, testified in substance that he executed the note, but that he paid the same to William J. Laymance within three days after its date, and that payment was made in cash and by the conveyance of certain real property in Oregon. On this occasion it was announced by plaintiff's counsel that Laymance had died, a fact of which defendant, according to his testimony, had before been ignorant. The defendant after the filing of his supplemental answer testified that the only note executed by him to the corporation was dated June 25, 1920, and was for $2,262, payable six

months after its date. In support of this claim he produced a receipt from the company dated June 21, 1920, stating that an account due the company for that amount had been paid by defendant by the execution of such a note. The defendant at this stage of the trial testified that the payment previously referred to by him was made upon this note and not upon the one in question. In this connection, however, the books of the company were produced, from which it appeared, as testified by its clerk who handled the transactions and made the entries in the regular course of business, that the principal sum of the note mentioned in the receipt with the accrued interest thereon and certain charges for insurance premiums, water and taxes against the defendant, aggregating $3,227, were included in the note in question, the amount of which was credited to defendant's account with the company. It was also shown that the company kept a real estate account, which showed no transfer of any real property from the defendant. It was also testified by M. J. Laymance, the president of the company, that the defendant shortly before the trial stated to the witness that he had executed a note for about $3,000 to William J. Laymance, of whose decease he had just learned, and asked the witness if he knew of the transaction; that defendant further stated that there was a deposit in a bank in Portland, Oregon, to which the deceased or the company was entitled, and also that certain land in that state stood in one of their names; that defendant failed to divulge the name of the bank or the location of the land, but stated in substance that if the witness would help him in connection with the note in question he would assist the witness in recovering the property in Oregon. Two witnesses who qualified as handwriting experts and a banker familiar with defendant's signature, testified for the defense, and each expressed the opinion that the note sued upon was not signed by the defendant. As against this testimony appears that of Dozier who was also shown to be qualified and who, after stating the grounds therefor, testified that in his opinion the signature affixed to the instrument was that of the defendant. The defendant on cross-examination admitted that he had been convicted of a felony, namely, using the mails to defraud, stating, however, that he was subsequently pardoned.

■■ While a verdict or decision will not be sustained when there is no substantial evidence to support it, here not only was there evidence tending to impeach the credibility of the defendant, namely, the admission of his conviction of a felony (Code Civ. Proc., sec. 2051), and this notwithstanding his pardon (*People* v. *Hardwick*, 204 Cal. 582, [59 A. L. R. 1480, 269 Pac. 427]), but his testimony was in many particulars contradictory and evasive. This, considered in connection with the other evidence in the case, was sufficient to justify the trial court in refusing to credit his testimony, and to support the conclusion that the defense of forgery was conceived after he learned of the death of Laymance. ■ The credibility of the witnesses, as well as the weight to be given the testimony of the experts, were questions for the trial court (Code Civ. Proc., sec. 1847; *Dunphy* v. *Dunphy*, 161 Cal. 380 [Ann. Cas. 1913B, 1230, 38 L. R. A. (N. S.) 818, 119 Pac. 512]; *Rolland* v. *Porterfield*, 183 Cal. 466 [191 Pac. 913]), and there being evidence tending to impeach the testimony of the defendant, and evidence which contradicted the conclusions of his witnesses on the question of the execution of the note, the determination of the trial court cannot be disturbed on appeal (27 Cal. Jur., Witnesses, sec. 157, p. 186).

The note contained the provision that " . . . In case suit is instituted to collect this note or any portion thereof I promise to pay such additional sum as the court may adjudge reasonable as attorneys' fees in said suit." The complaint alleged the sum of $1,000 to be a reasonable attorney's fee, which allegation was not denied. ■ Where a note makes provision for reasonable attorneys' fees, such fees are in the nature of special damage under the contract (*De Jarnatt* v. *Marquez*, 127 Cal. 558 [78 Am. St. Rep. 90, 60 Pac. 45]), and the failure to deny the reasonableness of the amount asked was not an admission of liability to the extent charged, but simply an admission of liability to some extent (*Landwehr* v. *Gillette*, 174 Cal. 654 [163 Pac. 1018]). ■ The amount to be allowed is to be determined by the court in its discretion, and it is only for an abuse of discretion that its action will be disturbed (*Baker* v. *Eilers' Music Co.*, 175 Cal. 652 [166 Pac. 1006]). ■ While in the present case three days were required for the trial of the issues of

fact, and additional time was spent in the settlement of the pleadings and the presentation of the motion for leave to file a supplemental answer, yet we are of the opinion that the attorney's fee allowed, considering the amount of the claim, was excessive and should be reduced. It is our conclusion that the sum of $500 is in view of the facts a reasonable allowance for attorneys' fees, and that the judgment should be modified accordingly.

The judgment is modified by deducting the sum of $500, and as so modified is affirmed. It is further ordered that each party bear his own costs on appeal.