B. J. HALL, Appellee, v. GREAT AMERICAN INSURANCE COMPANY, New York, Appellant.

No. 42244.

1006

FEBRUARY 6, 1934.

Blankenheim, Opdyke & Sheakley, and Buell I. McCash, for appellant.

H. C. & H. C. Taylor, for appellee.

DONEGAN, J.—On September 6, 1924, the Great American Insurance Company issued to B. J. Hall its policy of fire insurance. In such policy a dwelling of said Hall was insured for $4,000, a private barn for $500, and household and kitchen furniture, including "plate and plated ware, clocks, watches and jewelry in use" for $2,500. On September 1, 1929, the dwelling house was seriously damaged, and some of the furniture therein destroyed or damaged as the result of a fire. Proofs of loss were furnished the insurer, and said Hall commenced an action to recover the loss sustained by him under said policy.

On June 14, 1930, one D. D. Thomas, who was a special agent for the insurance company, visited said Hall in reference to adjusting said loss, and as a result of negotiations thus had a stipulation of settlement was entered into. Said stipulation contained, among others, the following provisions:

"It is hereby stipulated and agreed between the parties hereto that the above entitled cause is hereby.compromised and dismissed with prejudice in all matters except B. J. Hall reserves the right to make a claim for diamond stud, hereinafter mentioned, and to also include the dismissal of * * * any and all causes of action as to loss or damage that have arisen or may arise under the Great American Insurance Company Policy No. DC 2002. (Not policy involved in this action.) * * * . Also all claims that have arisen or may arise by reason of issuance of policy No. G 53271 issued to B. J. Hall, the plaintiff, and dated September 22, 1924, expiring September 22, 1929, covering $4000.00 on dwelling Item No. 1; $2500.00 on household and kitchen furniture Item No. 2. And said policy is cancelled in full in all items and in all matters except that the said plaintiff, B. J. Hall, is at this time contending that he suffered the loss of one diamond stud on the 1st day of September, 1929. And it is claimed by said plaintiff, B. J. Hall, that the said diamond stud was lost or destroyed at the time of, and by reason of said fire which damaged plaintiff's dwelling referred to in said Policy No. G 53271.

"It is understood and agreed that said plaintiff, B. J. Hall, reserves only the right to make claim and if necessary, to prosecute any suit or action that he may see fit against said Great American Insurance Company of New York, as to the said diamond stud only, and it is further understood and agreed that the Great American Insurance Company does not waive any of the terms or conditions in the said policy as to the said diamond stud, but reserves all rights of defense under the terms and conditions of said policy.

"It being the intent of the plaintiff, B. J. Hall, and the Great American Insurance Company, defendant, parties hereto, to fully and finally dispose of all of the above matters and controversies by reason of the issuance of said above mentioned policies, except the single item mentioned as the diamond stud.

"It is further stipulated and agreed that copy of this stipula-

tion be filed with the Clerk of the above named Court, and said cause of action hereby dismissed at the cost of the plaintiff.

"Subscribed to by plaintiff, B. J. Hall, and his attorneys, H. C. & H. C. Taylor, and by the Great American Insurance Company of New York.

"Dated this 14th day of June, 1930.

"B. J. Hall, Plaintiff.

"H. C. & H. C. Taylor, Attorneys for Plaintiff.

"The Great American Company of New York,

"By D. D. Thomas, Special Representative."

On October 28, 1930, said B. J. Hall commenced the present action in which he asked judgment against the insurance company for $2,500. In an amendment to his petition plaintiff alleged the institution of the former action, the execution of the stipulation in settlement thereof, the payment to him of the sum of $400 for the loss of household goods, the ownership and value of the diamond, and asked for judgment in the sum of $2,100. The defendant company filed an answer in which it denied the allegations of the petition generally; alleged that the loss claimed by plaintiff was not the result of the fire; that the alleged loss was caused by the contributory negligence of the plaintiff; that the diamond stud in question was not insured by the defendant; that the previous action on the policy had been dismissed with prejudice by the plaintiff, and that this action was barred by such dismissal; and that the stipulation of settlement in the former action was executed without the knowledge and consent of the defendant and was not binding upon it. Upon the trial of the case the defendant filed a motion for a directed verdict in its favor at the close of plaintiff's testimony, and renewed such motion at the close of all the evidence. Such motions were overruled, and the case submitted to a jury, which returned a verdict for the plaintiff for $1,550.

Many errors are assigned by appellant as grounds for reversal. We shall consider such alleged errors as have been argued by the appellant in its brief and argument, and in the order therein presented.

I. Appellant contends that the appellee cannot recover in this action for the reason that the cause of action for the loss of said diamond was dismissed with prejudice by appellee upon the settlement of the former action; and for the further reason that

the evidence fails to show that the agent of the appellant with whom such stipulation of settlement and dismissal was entered into had any authority to enter into a stipulation by the terms of which the appellee excepted therefrom his claim for the loss of the diamond and reserved the right to begin a new action for such loss.

Appellant argues that the dismissal contained in the stipulation of settlement dismissed with prejudice any claim which appellee might have against appellant growing out of the loss of the diamond. The stipulation itself indicates no such intention on the part of the appellee. A reading of the entire stipulation clearly shows that the appellee had no thought whatever of dismissing with prejudice or waiving any claim he had under the policy for the loss of said diamond, and the stipulation should not be given a contrary effect unless legal rules compel such a construction. Appellant claims that the appellee's claim for the loss of the diamond was necessarily dismissed with prejudice along with the other claims of the appellee against the appellant, because the claim of the loss of the diamond was a part of the cause of action asserted by the appellee, and he cannot divide his cause of action and prosecute it piecemeal. It is true that a party cannot split his cause of action and prosecute different items included in it by separate actions. He could not dismiss a part of his cause of action and retain the right to again prosecute it, while continuing to prosecute the part of such cause of action which was not dismissed. This, however, is something different from what was done in this case. We know of no law, and appellant has cited us no authority, which would prevent the appellee from dismissing with prejudice all of his cause of action except his claim for the loss of the diamond. This would not be splitting his cause of action and prosecuting it piecemeal, because the part thus dismissed with prejudice could not again be prosecuted. If he could do this, we see nothing to prevent him from later dismissing his action for loss of the diamond without prejudice to begin a new action thereon. If he could dismiss a part of his cause of action with prejudice and the remainder without prejudice, by separate dismissals, why cannot he do it by one instrument clearly showing his intention? We think the stipulation and dismissal in this case clearly show that the intention of the appellee was to dismiss with prejudice all items going to make up his cause of action, with the exception of his claim for the loss of the diamond, and that this was dismissed without prejudice. We, there-

fore, think that appellant's complaint against the court's instruction No. 11, in which the court told the jury, "You are instructed that the dismissal of said action and payment of costs is not a bar to the bringing of the present action," was a proper instruction under the facts and circumstances of this case.

Appellant devotes a very large part of its brief and argument to the contention that there is no evidence showing the authority of the agent of the appellant to enter into the stipulation of settlement and dismissal by the terms of which the appellee was allowed to retain a right to prosecute his claim for the loss of the diamond. If the view which we have expressed above, that the appellee would have the right to dismiss a part of his cause of action with prejudice and the remainder of his cause of action without prejudice, is correct, then there was no necessity for any agreement on the part of the appellant to such dismissal, and, so far as the right to prosecute this action is concerned, it is immaterial what authority the agent of the appellant had in reference to the matters contained in this stipulation of settlement and dismissal.

II. The sixth paragraph of the policy in question is as follows:

"VI. This company shall not be liable for loss caused * * * by theft or by neglect of the property during or after a fire."

It is admitted that the diamond in question could not have been destroyed by the fire by being consumed. It is sufficient, however, if the loss of the diamond was a proximate result of the fire. Tracy v. Palmetto Fire Ins. Co., 207 Iowa 1042, 222 N. W. 447, and cases therein cited. Appellee contends that the evidence offered is sufficient to show that the loss of the diamond was caused by the fire. The evidence offered to support this contention was circumstantial. The evidence showed that the diamond in question was by appellee placed upon a mantel in his living room on the morning of the fire; that no one was in the house except himself, his wife, and his son from that time until the time of the fire; and that no one of these three persons removed the diamond from the mantel. While the fire was in progress, many people were in and out of the house helping remove furniture and other articles. The fire consumed the upper portion of the house, and, in trying to subdue it, the fire company used such large quantities of water that after the fire the water on the living room floor was two or three inches deep. After the

fire was over the living room floor and mantel were covered with water, fallen plaster and debris, and, as soon as it was possible to enter the house after the fire, a search was commenced for the diamond, but it was not found. There is no evidence that any one approached the mantel, and there are no facts tending to show that the diamond was removed therefrom by any person. In this connection the court gave the following instruction:

"In this case, the evidence as to whether the diamond stud was lost or destroyed as a result of the fire is entirely circumstantial. That is, no witness testifies to seeing the stud lost or destroyed; and to establish its loss or destruction, the plaintiff has introduced evidence tending to show when and where the stud was last seen, and to show what occurred on the premises from that time up until the stud was missed after the fire. That is what is known in law as circumstantial evidence.

"The fact, if it be a fact, that the diamond stud was lost or destroyed as the direct and proximate result of the fire in question, may be established by circumstantial evidence, but the circumstantial evidence must be of facts of such a nature and so related to each other that the only conclusion that can fairly or reasonably be drawn from such circumstantial evidence is that the diamond stud in question was lost as a proximate and direct result of the fire.

"It is not sufficient that the circumstantial evidence is merely consistent with plaintiff's claim. The circumstances themselves must be established by the preponderance of the evidence, and the facts proven must be consistent with each other, and must point clearly to the existence of the fact sought to be established, and must exclude every other reasonable hypothesis or conclusion. If there be other conclusions which may be as reasonably drawn from said circumstantial evidence as to the manner in which the diamond stud was lost, if in fact it was lost, on the occasion in question, then the plaintiff has not sustained the burden of proof by law imposed upon him. In other words, if the circumstantial evidence is such that it may as reasonably be inferred therefrom, that the diamond stud was stolen on or about the date in question, then the plaintiff has failed to establish that the stud was lost or destroyed as a direct result of the fire, and your verdict should be for the defendant."

Appellant contends that it is equally as probable that the diamond may have been stolen as that it was lost as a proximate result

of the fire, and argues that, where two theories are equally probable, a jury cannot be left to speculate as to which of these theories is the true one. We do not think, however, that the facts in this case present a situation where the court can say as a matter of law that, because it is possible that the diamond may have been stolen, this theory is, therefore, of equal weight with the theory that it was lost as a result of the water, falling plaster, and debris which fell down, upon and around the mantel, and which covered the floor of the living room to the depth of two or three inches.

 While the burden of proving that the loss of the diamond was the proximate result of the fire was upon the appellee, the burden was not upon him to prove that the diamond was not stolen, or that it was not lost because of his negligence. The provisions in a policy which relieve the insurer from liability need not be negatived by the insured in his pleadings or evidence. As said in Jones v. Accident Assn., 92 Iowa 652 (local citation 658), 61 N. W. 485:

"The conditions in this case were that the contract should not cover accidental death resulting from or caused by fighting, voluntary exposure to unnecessary danger, intoxication, or to death in consequence thereof, and in consequence of violating the law. Not one of these conditions were to happen prior to the time the contract between the assured and the company should become binding. The contract became binding upon the company as soon as it accepted the assured as a member, and issued to him its policy. The situation then is this: That there was a valid contract of insurance when the policy issued, but it might thereafter, upon the happening of some of these conditions, cease to be enforceable. If, then, these provisions of the policy can be properly called conditions, they are in no sense conditions precedent. Under them the defendant might be relieved from liability. They were each and all matters of defense, available to the defendant; but, not constituting a part of the plaintiff's case, the burden did not rest upon him to either plead or prove the absence of them, in the first instance." (Citing cases.)

 III. Appellant in argument urges that the trial court should have sustained its motion for a directed verdict, because the evidence presented in the trial of the case failed to show that the alleged loss of the diamond occurred in the building and on the premises described in the policy.

The policy in question insured the appellee against loss "to an amount not exceeding Seven Thousand and 00/100 Dollars, to the following described property while located and contained as described herein, and not elsewhere, to-wit:

"(1) $4,000. On his Two story Shg. roof Frame building and its additions adjoining and communicating, while occupied as a Private Dwelling House Only, * * *

"(2) $2,500. On Household and Kitchen Furniture, * * * plate and plated ware, clocks, watches and jewelry in use, * * *

"(3) $400. On his One story Shg. roof frame building, * * * occupied as a Private Barn only.

"All while situated on Lot 1–2 Block 1 in _____ addition to town of Bloomfield, Iowa, and known as No._____ on _____ Street."

In his petition the appellee alleged that the policy of insurance covered the diamond stud and property contained in a two-story frame building situated upon lot 1 of block 1 of the original town of Bloomfield, Iowa. The policy was introduced in evidence and, as above stated, contained the description "Lot 1–2 Block 1_____ addition to the town of Bloomfield." Upon the trial of the case certain tax assessment rolls showing property of appellee listed for assessment were introduced. These tax assessment rolls contained descriptions of real estate owned by appellee, but none of the descriptions contained therein is identical with either the description given in the petition or in the policy. Appellant contends that, because of the discrepancy in the descriptions, there is no showing that the loss of the diamond stud occurred "while situated on Lot 1–2 Block 1 in _____ addition to town of Bloomfield, Iowa," and that, therefore, under the terms of the policy, the appellee has failed to present evidence which would entitle him to recover in this action. It appears from the record that the question now raised by appellant in argument was never specifically presented in its pleadings, in any of the objections made to the introduction of any of the evidence on the trial, in any of the grounds of the motions for a directed verdict, in any of the exceptions to instructions or instructions asked by appellee, or in any of the grounds of the motion for new trial. In fact, it is not presented as a specific ground of error in any of the errors relied upon by appellant for reversal.

The evidence shows, however, that the appellee had lived

in the same house for more than ten years; that he was living in such dwelling at the time the policy of insurance was issued; that the appellant company had paid $3,600 loss covered by the policy on said dwelling house and household goods, caused by the fire; and that no question had been raised in regard to the legal description of the real estate upon which such dwelling house was situated. We think the record shows that the case was tried by the parties and by the court, on the theory that there was no question involved concerning the legal description of the real estate upon which the dwelling house was located, and that the appellant cannot now, for the first time, raise the question of the failure of proof in regard to the legal description of the real estate in this court. Moreover, the statement in the policy in reference to the description of the real estate is:

"All while situated on Lot 1–2 Block 1 in ............... addition to town of Bloomfield, Iowa."

This is not a sufficient description from which it could be ascertained where the real estate was situated upon which the buildings and insured property were located, and it can hardly be held that the plaintiff must show the insured property to be upon the real estate described in the policy when the description in the policy does not describe any particular real estate. We think there can be no question but that when the policy was written the parties had in view the dwelling house in which the appellee was then living, as then located, and that the evidence sufficiently shows that the diamond stud in question was in the dwelling and upon the premises which the parties had in contemplation when the contract of insurance was entered into. See Scott v. O'Leary, 157 Iowa 222, 138 N. W. 512.

IV. In cross-examination of the appellee he was questioned as to his signature to certain tax assessment rolls which contained no specific description of the diamond stud and in which the total value of personal property listed for taxation fluctuated through different years from $100 to $220. In the court's instruction No. 16 the jury was told that:

"Evidence has been introduced tending to show that the plaintiff made statements out of court contradictory of or materially at variance from the testimony given by him upon this trial.

"This evidence of contradictory statements has been introduced for the purpose of impeaching or affecting the credibility of such witness and the weight to be given said witness' testimony given upon the trial of this case, and for no other purpose, and should not be considered by you for any other purpose."

In the testimony given by the appellee in connection with these assessment rolls he stated that the diamond stud was not given to the assessor for taxation. Appellant contends that, regardless of the testimony of the appellee, the diamond stud may have been given to the assessor, and that the instruction was erroneous and prejudicial, because it did not allow the jury to consider these assessment rolls as evidence in regard to the value of the diamond stud. Appellant cites in support of this contention the case of Welton v. Iowa State Highway Commission, 211 Iowa 625, 233 N. W. 876. That case involved the value of real estate condemned for highway purposes. The owner of the real estate had testified to its value, and, on cross-examination, tax assessment rolls were introduced showing the value placed upon the land when listed for taxation. In that case the property in question was listed upon the tax assessment rolls and a value placed thereon by the owner. In the case at bar, however, any presumption that the tax assessment rolls contained all of the personal property of the appellee was negatived by his positive testimony that the diamond was not given in for taxation, and the record is barren as to any other testimony whatever showing that the valuation of the personal property given in the assessment rolls had any reference whatever to the value of the diamond stud. In the absence of such testimony, we see no error in the court's instruction. Objection is also made to the instruction, because it is alleged that the tax assessment rolls contained a correct description of the real estate upon which the dwelling house of the plaintiff was situated; and this should have been considered by the jury in determining whether the loss occurred upon the premises described in the policy. In view of what has been said in regard to this matter, in the last above division of this opinion, we think appellant's complaint as to this phase of the instruction is without merit.

V. Complaint is also made as to instructions 1, 2, and 17. In instructions 1 and 2 the court set out the claims of the appellee as contained in his petition and amendment, and in instruction 17 the

1016

jury was told that, not all the law was given to it in any one instruction, but that the instructions, when taken as a whole and construed together, would govern it as the law of the case. It is argued that the allegations of the petition and amendment thereto were set out in such detail that many of the matters contained therein were not necessary to an understanding of the issues and were prejudicial to the appellant, and that these instructions when taken in connection with instruction 17 were confusing and misleading. We have examined the instructions complained of and find that the court in setting forth the petition and amendment thereto did not unduly go into details, but gave the substance thereof, and in our opinion there is no ground for the contention urged by the appellant in regard to these instructions. Instruction 17 contains a correct statement of the law, and there can be no reason for assuming that the jury did not understand it or was misled thereby. We find no error in the giving of the instructions complained of.

Appellant's motion to strike and to tax costs of appellee's additional abstract is overruled.

For the reasons given, we find no error on the part of the trial court, and the judgment appealed from is hereby affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, and KINDIG, JJ., concur.