# WAGNER et ux. v. ANDERSON.

No. 7761.   Decided November 20, 1952.   (250 P. 2d 577.)

See 58 C. J., Specific Performance, sec. 602. Measure of damages in suit for specific performance of purchase of real property. 49 Am. Jur., Specific Performance, secs. 172-174; 105 A. L. R. 1421.

*Faux, Rich & Kirton,* Salt Lake City, for appellant.

*Romney, Boyer & Bertoch,* Salt Lake City, for respondent.

WOLFE, Chief Justice.

The appellants, as sellers, and the respondent, as buyer, entered into an agreement for the sale and purchase of certain real property in Salt Lake City, Utah. Upon the date set for performance in the contract, the respondent refused to perform and the appellants instituted this action to obtain specific performance of the agreement, to recover special damages sustained by them because of that respondent's refusal, and to recover a reasonable attorney's fee pursuant to the terms of the contract. After the suit was commenced the respondent notified the appellants that he was ready and willing to perform and tendered to them the unpaid balance of the purchase price. No tender of any amount was made to cover the special damages and the attorney's fee sought by the appellants in their complaint. They accepted the tender and conveyed the property to the respondent, but advised him before acceptance that they would not dismiss their action unless their claims for special damages and an attorney's fee were also settled. The respondent replied in substance that if they did not dismiss their action, the matter would have to be determined by the court. Thereafter, the respondent moved for a dismissal of the action. Upon hearing of the motion, the court entered an order dismissing the action, taking the position that having accepted the balance of the purchase price tendered by the respondent, the appellants had precluded themselves from recovering any amount as special damages or attorney's fees.

In support of the lower court's ruling the respondent argues that:

"The cause of action which the Appellants sued upon was for specific performance. The attorney's fees and special damages were merely incidents thereof and were not separate items of a cause of action which could be sued upon alone. By acceptance of the purchase price and making a conveyance of the property the Appellants extinguished their cause. The claim for attorney's fees and damages, being mere incidents thereto, were extinguished when the cause itself was gone."

To sustain his contention, the respondent relies primarily upon three Wisconsin cases which hold that when a plaintiff pending suit voluntarily accepts an amount in full settlement of the cause of action sued upon, he cannot proceed with his action to recover costs. *Geiser Threshing Machine Co.* v. *Smith,* 36 Wis. 295, 17 Am. Rep. 494; *Two Rivers Manufacturing Co.* v. *Beyer,* 74 Wis. 210, 42 N. W. 232, 17 Am. St. Rep. 131; *Dr. Shoop Family Medicine Co.* v. *Schowalter,* 120 Wis. 663, 98 N. W. 940, 941

In the last cited case suit was instituted to obtain specific performance of a contract The plaintiff alleged that the defendant had agreed that for a commission of $50 he would purchase certain property in his own name for the plaintiff, but that after having purchased the property he refused to convey it to the plaintiff although the latter tendered to him the purchase price and the $50 commission. In a counterclaim the defendant claimed the plaintiff owed him certain amounts totaling $175 and offered to convey the property to him upon payment of that amount. After the jury had returned an advisory verdict in favor of the plaintiff, he moved for findings and judgment in his favor. To this motion the defendant objected on the ground that the parties had settled the controversy, the defendant having delivered a deed to the plaintiff upon the payment of $50 by him. The trial court adopting the position that the settlement between the parties had ousted it of jurisdiction to further proceed, refused to make findings or enter judg-

ment in favor of the plaintiff or to dismiss the defendant's counterclaim. Upon appeal by the plaintiff, the court held that

"while the [trial] court was right in refusing to make findings and judgment for the plaintiff upon its original cause of action, it was wrong in holding that there was no jurisdiction in the court to enter any judgment, and wrong in denying the motion to dismiss the counterclaim. Judgment should have been entered dismissing both the complaint and the counterclaim. *There could be no costs properly granted to either party upon the dismissal, because both causes of action had been entirely extinguished by the settlement. Except in case of some express statutory provision, an extinguishment of the entire cause of action by settlement pending the action with no mention of costs extinguishes the right to costs.*" (Italics added.)

In *Two Rivers Manufacturing Co.* v. *Beyer,* supra, the Wisconsin court assigned as its reason for denying costs to either party after settlement that:

"The costs are merely incidental to an action, based on a sufficient cause of action, and are not part of it, but the creature of the statute, which can only follow a judgment or final determination of an action, in which the cause of action is merged. An action cannot be brought merely for the costs thereof, nor can an action be maintained, after the cause of action has been removed, merely for the costs thereof, for then they would be no longer incidental, but the principal of the suit." [74 Wis. 210, 42 N. W. 234.]

In a subsequent case, *Squires* v. *Brown,* 170 Wis. 165, 174 N. W. 548, it was reiterated that "costs are the creature of the statute and not a part of the cause of action."

This court has on several occasions made similar statements respecting costs. In *Rickenberg* v. *Cap-*  *itol Garage,* 68 Utah 30, 249 P. 121, 124, 50 A. L. R. 1303, we said:

"Let it be remembered that costs are the mere creature of statute and are always merely an incident of a lawful proceeding".

Again, in *Bacon* v. *Harris,* 71 Utah 223, 263 P. 930, 933, the following was quoted with approval from 2 Words and Phrases, First Series, p. 1634:

" 'Costs' are expenses necessarily incurred in a suit in a court of justice. At common law costs were unknown. Costs are altogether the creature of statute."

Again, in *Fowler* v. *Gillman,* 76 Utah 414, 290 P. 358, 365, this court stated:

"Costs are but allowances to reimburse the successful party for expenses incurred in presenting or defending an action or special proceeding. They are not the subject of the litigation. When prayed for and allowed they are a mere incident to the judgment to which they attach. 15 C. J. 19."

Thus, it may be deduced from the foregoing excerpts from Wisconsin and Utah cases that costs are not part of the cause of action sued upon, or perhaps more accurately stated, costs are not part of the remedy afforded by the law to satisfy a cause of action, but are statutory allowances, unknown at common law, to reimburse the party to whom they are awarded for his expenses in bringing or defending the suit. In the instant case, however, the appellants after having accepted the respondent's tender did not seek merely to have the court award them costs. They sought judgment for special damages occasioned by the respondent's refusal to perform on time and reimbursement for a reasonable attorney's fee which they expended in bringing their action. Assuming that the respondent's refusal to perform on time was wrongful, there arose in favor of the appellants a cause of action for specific performance and also any special damages occasioned by the delay which the appellants can prove. See 49 Am. Jur. 198, and the annotation at 95 A. L. R. 228 to the effect that when decreeing specific performance, a court of equity may award damages also to the plaintiff if the decree of specific performance will not give complete relief. In addition to the relief afforded by the law, the parties had agreed that

if either of them should fail to perform according to the terms of the contract, he would pay a reasonable attorney's fee to the other party to enforce the agreement. Such provisions for the payment of attorney's fees are common in promissory notes and have held to be "in the nature of special damages." *De Jarnatt* v. *Marquez*, 127 Cal. 558, 60 P. 45, 78 Am. St. Rep. 90; *Dozier* v. *Hillman*, 105 Cal. App. 127, 287 P. 116; *Garland* v. *Smith*, 131 Cal. App. 517, 21 P. 2d 688.

It therefore becomes apparent that there is an essential and basic difference between the instant case and the Wisconsin and other cases relied upon by the respondents which involve the awarding of costs after a voluntary settlement between the parties. Unlike costs, the special damages and attorney's fees sought by the appellants were part of the remedy to which they were entitled, assuming, of course, that the respondent's refusal to perform on time was wrongful. When the parties settled their case insofar as the appellants' claim for specific performance was concerned and the lower court thereupon dismissed their action, the appellants were deprived of part of the remedy which the law affords them and of the additional remedy (attorney's fees) that had been agreed upon. We know no reason why the parties could not amicably settle the appellants' claim for one kind of relief out of court and then proceed to have the court determine the remaining unsettled claims for other types of relief. Courts have always favored voluntary settlements. Since the settlement of a claim for one kind of relief presented no obstacle to the court determining the appellants' right to the other types of relief, it erred in refusing to do so. In effect, settlement of the appellants' demand for specific performance only reduced the number of matters in controversy.

In *Yaple* v. *New York, O. & W. Ry. Co.*, 57 App. Div. 265, 68 N. Y. S. 292; 87 A. L. R. 782, the plaintiff sustained personal injuries and damage to personal property occasioned by the negligence of the defendant The parties

settled the plaintiff's claim for damage to personal property, but suit was brought for the personal injuries. At the trial it was contended by the defendant that the plaintiff had but one cause of action for all the damage he had sustained; although different items for damages, and that a settlement of some items would bar the whole claim, the same as if there had been a suit and recovery for such items. The court held that the plaintiff was not precluded from prosecuting his suit for personal injuries, even though the parties had settled the claim for damages to personal property, reasoning that if a person sues to recover for an injury he may be held to include all that he is entitled to sue for in respect of that cause of action, but that if he is making a settlement the same reasons do not apply but that he can make a partial settlement and thus eliminate one element of the controversy. While that case differs in some respects from the case at bar, the reasoning of the court applies with equal force to why a settlement of part of the controversy in the instant case should not preclude the appellants from further recovery. See also *Hall* v. *Great American Insurance Company*, 217 Iowa 1005, 252 N. W. 763.

The judgment below dismissing the appellants' complaint is reversed and the case is remanded for a determination on their merits of the claims for special damages and a reasonable attorney's fee. Costs to appellants.

McDONOUGH, CROCKETT, and HENRIOD, J., concur.

WADE, Justice (concurring).

I concur with the result and the reasoning in the prevailing opinion.

It is not necessary for us to determine in this case whether there could be a recovery if costs only were sought, but the prevailing opinion seems by implication to answer that question in the negative. I do not express any opinion on that question.