## CLARK v. NORTH RIVER INS. CO.
### No. 20512.

District Court, W. D. Washington, N. D.
Oct. 20, 1934.

C. J. Henderson and Alfred McBee, both of Mt. Vernon, Wash., for plaintiff.

L. B. daPonte and Robert S. Macfarlane, both of Seattle, Wash., and Sawyer & Cluff, of San Francisco, Cal., for defendant.

BOWEN, District Judge.

The Montborne Lumber Company, of which the plaintiff is receiver, procured a policy of insurance from the defendant insuring the lumber company against loss or damage caused by fire, derailment, or collision, collapse of bridges, lightning, cyclone, tornado, and flood, covering a Shay locomotive engine owned by the lumber company, valued at $7,000, and twelve logging flat cars loaned by Northern Pacific Railway Company to the lumber company under a sort of license or bailment agreement requiring the lumber company to pay the railway company for all damages which the cars might sustain from any cause while in the possession of the lumber company. The policy had attached to it the following indorsement in writing: "It is also understood and agreed that this policy covers the legal liability only of the assured on logging cars owned by others * * *."

While the policy was in force, a forest fire destroyed bridges on the lumber company's railroad, marooning the locomotive up in the woods, and it would have cost more to repair the bridges for the purpose of bringing the locomotive out of the woods than the locomotive is worth, it being agreed that its value is $7,000. The total loss and damage caused by derailment and/or the fire to the logging flat cars belonging to the railway company was the total sum of $8,000. The locomotive itself was never in contact with the fire and sustained no physical damage as a result of the fire, but the destruction of the railroad bridges was caused by the fire.

The plaintiff, as receiver of the lumber company, sued the defendant under the policy for $7,000, the total value of the locomotive owned by it, and for $8,000, the total loss and damage to the logging flat cars owned by the railway company, alleging as to the flat cars "that as a result of said damage to said cars, the said assured has been and is now unable to return the same to the Northern Pacific Railway Company in as good condition as they were at the time of

delivery to assured, or at all, and that by reason of said facts assured is legally liable to said Northern Pacific Railway Company in excess of * * * ". The case was tried before the court without a jury, on stipulated facts. The defendant has never paid anything on account of the locomotive, but the defendant settled with the railway company direct for the damage to the logging flat cars, and the railway company filed in the receivership proceedings a release and discharge of the lumber company and its receiver, the plaintiff, in respect to any and all legal liability for and on account of the said cars.

As to the locomotive, the liability of the defendant insurance company in this case depends upon whether or not the loss or damage sued for (the total value of the locomotive) was proximately caused by the fire, which did no physical damage to the locomotive itself, but which did destroy the bridges and thereby made it impossible to bring the locomotive out of the woods without rebuilding the bridges at a cost in excess of the value of the locomotive. The court is advised of no authority directly controlling, but the general rule, as stated in Ruling Case Law, is that " * * * to render a fire the immediate or proximate cause of loss or damage, it is not necessary that any part of the insured property should be actually ignited or consumed by fire. Insurance against loss by fire includes loss where the cause insured against was the means or agency in causing the loss, even though it was entirely due to some other active, efficient cause which made use of it or set it in motion." 14 R. C. L. 1216. To the same effect is Ermentraut v. Girard Fire Ins. Co., 63 Minn. 305, 65 N. W. 635, 30 L. R. A. 346, 56 Am. St. Rep. 481 (1895) ; see, also, Hall v. Great American Ins. Co. (Iowa 1934) 252 N. W. 763. It is also a fundamental principle of insurance law that " * * * a loss by fire includes every loss necessarily following from the occurrence of a fire if it arises directly and immediately from the peril or necessarily from incidental and surrounding circumstances, the operation and influence of which could not be avoided, * * * " such as any and every expense borne by and chargeable upon the owner of a thing insured, as a direct and immediate consequence of the peril insured against. 6 Couch on Insurance, § 1467, p. 5304; Hale v. Washington Ins. Co., 11 Fed. Cas. page 189, No. 5,916.

 In the absence of specific authority to the contrary, it seems to the court that the value of the locomotive itself has been as ef-fectually destroyed by the destruction of the bridges and consequent marooning of the locomotive as if the fire had reduced to a molten mass the component materials of the locomotive; that such destruction of the locomotive was caused directly and proximately by the fire; and that, contrary to defendant's contention, not merely the profitable use of the locomotive has been interrupted. The court so finds and concludes that the defendant is liable to the plaintiff in the sum of $7,000 for the value of the locomotive.

 As to the logging flat cars owned by the railway company, it seems to me that in the final analysis the question of defendant's liability under the policy must turn upon the effect to be given to the indorsement on the policy that "it is also understood and agreed that this policy covers the legal liability only of the assured on logging cars owned by others * * * ". In the law relating to insurance as well as other contracts, the rule is that specific provisions must control over general provisions, and, construing the policy, together with said indorsement, it is obvious that the parties intended that liability of the assured, rather than loss or damage to the insured, was the thing insured against. By reason of the settlement of the question of damage to the cars made direct by the defendant with the railway company, and the release and discharge of the lumber company and the plaintiff receiver by the railway company, controlling evidence of which may be found by a reference to Exhibit 3 attached to the stipulation of facts filed herein May 1, 1934, plaintiff has wholly failed to prove, what was required of him, that, as a result of the damage to the cars, assured is legally liable to the railway company in any sum. Plaintiff, therefore, has not sustained the burden of proof as to his claim or claims set forth in the complaint herein as to the cars, no matter on what theory, nor under what kind or nature of an insurance policy, such claim or claims may have been asserted. In fact, all of the proof on this question conclusively shows that the lumber company and plaintiff have no legal liability whatsoever to the railway company or the owner of the cars. It, therefore, is unimportant whether the policy was an indemnity, a liability, or a so-called "fire policy," because, as to the cars, plaintiff has proved no facts warranting recovery under any theory or under any kind of policy. On this issue as to the cars, the judgment of the court will be for the defendant.

Counsel may propose appropriate findings, conclusions, and judgment.