# I. SOLOMON *v.* MICHAEL REESE.

JURISDICTION OF DISTRICT COURTS.—In actions for the recovery of money, the District Court has jurisdiction, if the sum sued for amounts to three hundred dollars exclusive of interest, regardless of the sum for which judgment may be obtained.

JURISDICTION OF SUPREME COURT.—The Supreme Court has jurisdiction to review all cases which the District Courts have jurisdiction to try, no matter what the judgment of the District Court may have been.

IDEM.—S. sued R. to recover five hundred and fifty dollars, but recovered only three hundred and thirty-two dollars and sixty-one cents ; S. appealed : *held,* that the amount sued for, and not the difference between that amount and the amount recovered, is the test of the jurisdiction of this Court.

CASE OVERRULED.—Dictum in *Votan* v. *Reese, 20 Cal. 90,* as to jurisdiction, overruled.

Statement of Grounds of Appeal.—If the appeal is taken on the judgment roll alone, the transcript need not contain a statement of the grounds of the appeal.

Stipulation as to Transcript.—If the transcript does not contain all the judgment roll, but contains all that is necessary, the defect is waived by a stipulation that it contains all that is necessary for the purposes of the appeal.

Judgment Roll in Transcrict.—It is not necessary to insert in the transcript on appeal such parts of the judgment roll as are of no use for the purposes of the appeal.

Exceptions to Findings.—It is not necessary to take exceptions to the findings of the Court below, if the appellant attacks only the conclusions of law drawn from the facts found.

Suit for Money Deposited as Security.—M. sued L. and attached his property ; R. and J., as securities, signed an undertaking on behalf of L. to procure a release of the attached property ; R. signed at the request of S. ; S. deposited with R. a sum of money to secure him against any loss or damage which he might sustain by reason of his signing the undertaking : *held,* that the relation of principal and surety did not exist between S. and R., and that if a suit was brought on the undertaking, R. could not retain out of the money deposited by S., any costs and expenses incurred in defending the action.

Idem.—In such case, if S. and J. tender to M. the amount of his judgment against L., and he refuses it, their liability to him ceases, and S. may recover his money back.

Appeal from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiff brought this action to recover the sum of five hundred and fifty dollars, which he had deposited with the defendant. The Court found the following facts, and drew therefrom the following conclusions of law :

"1. That on or about the 19th day of January, 1863, the plaintiff delivered to the defendant the sum of five hundred and fifty dollars for the purpose of indemnifying and saving harmless the defendant against any loss or damage that he might suffer by reason of his having, at the request of the plaintiff, signed as joint and several surety with one Josephi, a certain bond given to release an attachment issued and levied in the suit of Maguire against one Lewis, and in which suit judgment against said Lewis had been obtained about that time.

"2. That on the 21st day of January, 1863, after the

obtaining of said judgment, the defendant and said Josephi, co-sureties as aforesaid, tendered to said Maguire the full amount of said judgment and costs, which said Maguire refused to accept.

" 3. That on the 11th of September, 1863, one Hayes, to whom Maguire had assigned the said bond given for the release of the attachment in the suit of *Maguire* v. *Lewis*, commenced an action in this Court against Josephi alone, one of the said sureties, and proceedings were had therein, which resulted in a verdict for the plaintiff. That thereafter an appeal was taken to the Supreme Court on said case, which Court reversed the judgment and ordered a new trial. That a new trial was thereupon had in this Court, and judgment given for the defendant Josephi. That a motion for a new trial in said cause was made by the plaintiff therein, which motion is now pending.

" 4. That John B. Felton, Esq., as an attorney and counsellor in said cause, appeared in said action for the defendant Josephi, and defended him in the District Court, and also prosecuted the said appeal in the Supreme Court; that this service was rendered, as well under a retainer by said Josephi, as also at the instance and request of the defendant Reese, who promised to pay him therefor. That said Josephi paid the said Felton for said services two hundred and fifty dollars, in coin, and the said Reese also paid him five hundred and fifty dollars, in currency, for said services; and that a reasonable compensation for the services, so rendered by the attorney in the said suit of *Hayes* v. *Josephi*, is the sum of five hundred dollars.

" 5. That on the 24th day of August, 1866, the said Hayes, to whom the aforesaid Maguire had assigned the said bond for the release of the attachment in the suit of *Maguire* v. *Lewis*, commenced an action in the Fifteenth District Court, against the defendant Reese, upon said bond, for the recovery of the whole amount thereof, which said last named action is still pending in said Court.

" 6. That on the 3d day of February, 1866, the plaintiff in

this action demanded of the defendant in this action the aforesaid sum of five hundred and fifty dollars, and that the defendant refused to return the same to plaintiff; and finally, that the interest on three hundred dollars, parcel of said five hundred and fifty dollars, after deducting two hundred and fifty dollars therefrom, from the date of said demand, is thirty-two dollars and sixty-one cents.

" And as a conclusion of law, from the above facts, the Court finds that the plaintiff is entitled to recover of the defendant the sum of three hundred and thirty-two dollars and sixty-one cents, and his costs of suit."

The plaintiff appealed on the judgment roll. The transcript contained the pleadings and findings and conclusions of law, but not the judgment. The attorneys signed the following stipulation: "It is stipulated that the foregoing transcript on appeal is correct, and contains all that is necessary for the purposes of this appeal." The case of *Hayes* v. *Josephi*, 26 Cal. 540, will explain any further facts necessary to comprehend the matter in controversy.

*Grey & Brandon*, for Appellant.

We can perceive no distinction between the right of defendant to have recovered on a bond of indemnity, and his right to retain money delivered for the purpose of indemnity. If he is *discharged from liability*, as is shown by the tender proved and found, we are entitled to a redelivery of the surety money. The case is analogous to the delivery of money to a party to secure him against damage as indorser of a note ; when the note is paid or the indorser is otherwise discharged, as, for instance, by a failure to give the necessary notice of nonpayment, and no further legal liability exists, we conceive there could be no question as to the right of the indemnifier to a return of his money.

*John B. Felton,* and *Theodore H. Hittell,* for Respondent.

In *Skillman* v. *Lackman,* 23 Cal. 198, the Court said: " Where the plaintiff is appellant, and the judgment is for the defendant, the jurisdiction of this Court is determined by the amount claimed by the complaint, for that is the amount in dispute in such cases. (*Gillespie* v. *Benson,* 18 Cal. 410 ; *Votan* v. *Reese,* 20 Cal. 89.) But if the appeal is by the plaintiff, from a judgment in his favor, then the amount in dispute is the difference between the amount of the judgment and the sum claimed by the complaint. ( *Votan* v. *Reese,* 20 Cal. 89.)" This amount in this case is less than three hundred dollars ; this Court, therefore, has no jurisdiction.

In regard to the indemnity, the Court finds that it was for the purpose of indemnifying and saving the defendant harmless against any loss or damage that he might suffer by reason of his having gone on the bond to release the attachment. Now, if this were a suit on that bond by the defendant to recover for loss or damage sustained, the plaintiff might urge, provided it were the fact, that no actual damage had been shown. But the pleadings here present a different case. The money sued for was placed by the plaintiff in defendant's hands as a protection against future loss or damage. To recover it back, it is necessary for him to show affirmatively, not only that no loss or damage has been sustained, but that none will or can be sustained. We submit that he neither has supported, nor can he support, either of these propositions. As a matter of law, the Court ought to have found for the defendant, instead of for the plaintiff.

By the Court, Sanderson, J. :

I. The point made by the respondent, that this Court has no jurisdiction, is not tenable. In actions for the recovery of money this Court has jurisdiction, if " the demand, exclusive of interest, amounts to three hundred dollars." (Cons.,

Art. VI, Sec. 4.) The demand, exclusive of interest, in this case, amounts to five hundred and fifty dollars. The language of the Constitution in respect to the jurisdiction of this Court is the same as it is in respect to the jurisdiction of the District Court, and there can be, therefore, no difference in the rules by which questions as to jurisdiction of the subject matter are to be determined in the two Courts. For the purpose of ascertaining whether the District Court has jurisdiction we look to the complaint, and in this class of cases, if the sum sued for amounts to three hundred dollars, exclusive of interest, that Court has jurisdiction, and by parity of reason this Court has jurisdiction on appeal. The amount sued for, exclusive of interest, is the test of the jurisdiction of this Court as well as of that of the District Court, regardless of the judgment of the latter Court. We dissent entirely from the dictum of the Court in the case of *Votan* v. *Reese*, 20 Cal. 90, to the effect that where the plaintiff recovers in the District Court less than he sues for, the test of the jurisdiction of this Court, in the event the plaintiff appeals, is the difference between the judgment of the District Court and the demand made in the complaint, exclusive of interest. All civil cases which the District Courts have jurisdiction to try, this Court has jurisdiction to review, no matter what the judgment of the District Court may have been. If the plaintiff sues to recover a demand for five hundred dollars, and the District Court gives him a judgment for three hundred only, his demand does not thereby become converted into a demand for two hundred dollars, for the purposes of an appeal, should he be dissatisfied with the judgment and desire to bring his case to this Court. On the contrary, in the sense of the Constitution, his demand in this Court is precisely the same that it was in the Court below, and is to be ascertained by looking to the complaint and not by deducting the judgment of the District Court from the demand alleged in the complaint. In other words, the *ad damnum* clause in the complaint is the test of

jurisdiction in this Court as well as in the Court below. (*Maxfield* v. *Johnson*, 30 Cal. 546.)

II. The point that we cannot entertain the appeal because the record does not contain a statement of the grounds of the appeal, is also untenable. The case comes here upon the judgment roll, and where such is the case no statement of the grounds of the appeal is required. (*Hutton* v. *Reed*, 25 Cal. 478.) So of the objection that the transcript does not contain all that is required by the three hundred and forty-sixth section of the Practice Act. If there was anything in the objection it should have been made before the argument, so that the appellant could have had an opportunity to supply the missing papers. (Rules 12 and 13.) But there is nothing in the objection, and it would not have prevailed had it been made before the argument. It would have been completely answered by the stipulation of counsel that the transcript contains all that is necessary for the purposes of the appeal. Many of the papers required by the three hundred and forty-sixth section of the Practice Act are frequently of no use in this Court, and we have repeatedly suggested the expediency of adopting the course which has been followed by the appellant.

So of the point that the appellant took no exceptions to the finding in the Court below, and that the judgment cannot be reversed for that reason. He makes no objection to the findings here. He confines his attack to the conclusions of law. Hence, the case is not within the rule in respect to defective findings, as stated in the one hundred and eightieth section of the Practice Act.

III. Upon the merits we are unable to perceive why the plaintiff is not entitled to recover the full sum for which he has sued. The money was deposited by the plaintiff with the defendant for the purpose of securing him against any loss or damage which he might sustain by reason of his signing, at the plaintiff's request, the undertaking which was given for the release of the property which had been attached in *Maguire* v. *Lewis*. By signing the undertaking,

the defendant became jointly and severally liable with his co-surety, Josephi, to pay to Maguire, on demand, the full amount of any judgment, including costs, which he might recover against Lewis. (Practice Act, Sec. 187, of the year 1854.) Hence the entire transaction, in view of which the rights of the parties to this action are to be determined, may be stated thus: The defendant undertook to pay any judgment which Maguire might recover against Lewis, and the plaintiff undertook to save him harmless from such payment to the extent of five hundred and fifty dollars, which sum he deposited with the defendant for that purpose. The relation of principal and surety did not exist between them, for the plaintiff was not a party to the suit of *Maguire* v. *Lewis.* Under these circumstances, the deposit could not become the money of the defendant until he had paid the judgment in *Maguire* v. *Lewis.* So long as Maguire, or his assignee Hayes, had a cause of action against him on the undertaking, he had a right to retain the money, but when their right of action ceased the plaintiff became entitled to a return of the money. As between the plaintiff and the defendant, there could be no question as to costs and expenses in defending an action upon the undertaking. From the nature of the case no such question could have occurred to them, and therefore no provision was made for it. It was understood, as a matter of course, that, if Maguire obtained a judgment against Lewis, the defendant and Josephi would pay it without suit, or that if they did not, their act would be voluntary, and the defendant would have no right to apply the deposit to the payment of the costs and expenses. That Maguire would refuse the money when tendered to him, and then sue upon the undertaking, they could not have anticipated, for such conduct is contrary to all human experience. We do not, therefore, understand that there was any agreement on the part of the plaintiff to secure the defendant against any loss or damage on account of such a suit.

The tender to Maguire by the defendant and Josephi of the full amount of his judgment against Lewis, so far as

their liability upon the undertaking is concerned, was equivalent to payment, or a release from Maguire (*Hayes* v. *Josephi*, 26 Cal. 540), and thereupon the plaintiff became entitled to a return of the money.

The plaintiff is entitled to a judgment in accordance with the prayer of the complaint, and the case is remanded, with instructions to modify the judgment accordingly.