[No. 14544. In Bank. — March 26, 1892.]

# W. J. OAKS, APPELLANT, *v.* CARRIE OAKS, RESPONDENT.

HOMESTEAD — HUSBAND AND WIFE — COMMUNITY PROPERTY — DEED OF GIFT — SALE OF HOMESTEAD — TRANSFER OF PROCEEDS — SEPARATE PROPERTY OF WIFE. — After a homestead has been declared upon community property by the wife, a deed of gift of such property from the husband to the wife vests in her the legal title, subject to the husband's rights in the homestead; and moneys received by her and put in her own name, with her husband's consent, as part proceeds from a sale and conveyance of the homestead made by the husband and wife jointly, in which she refused to join unless a portion of the proceeds were so secured to her, become her separate property, both by virtue of the deed, and by virtue of the transaction independently of the deed.

ID. — ABANDONMENT OF HOMESTEAD. — The joint conveyance of a homestead by the husband and wife is an abandonment of the homestead.

ID. — HOMESTEAD UPON WIFE'S SEPARATE PROPERTY. — A lot purchased by the wife in her own name with her separate funds is her separate property, and a declaration of homestead thereupon by the husband made without the wife's consent is void.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion.

*J. M. Wilcoxon,* and *Wilcoxon & Bouldin,* for Appellant.

*W. B. Dillard,* for Respondent.

FITZGERALD, C. — Action to quiet plaintiff's title to lot 4, block 105, in the city of San Luis Obispo.

The allegations of the complaint, which is in the usual form, but not verified, are denied by the answer, and defendant by her cross-complaint avers title to the lot in question in herself, and asks that her title thereto be quieted against plaintiff. Plaintiff answered the cross-complaint by a general denial, and afterwards, by leave of the court, filed a supplemental answer thereto, in which he sets up a declaration of homestead on said lot, made by him after the commencement of this action. At the trial plaintiff abandoned his complaint, and the case was tried by the court upon the cross-complaint,

answer, and supplemental answer thereto, and judgment given in favor of the defendant.

This appeal is taken by plaintiff on the judgment roll, with a bill of exceptions.

It appears that plaintiff, who is the husband of defendant, purchased with community funds certain real property in the city of San Luis Obispo, on which he with his family were actually residing when the defendant filed her declaration of homestead thereon. Afterwards, on January 11, 1886, plaintiff conveyed to defendant by deed said premises as a gift, and in 1887 they were sold for six thousand dollars in excess of a certain mortgage lien thereon. Of this sum defendant claimed three thousand dollars, and refused to join in the deed unless the same was paid to her and put in her own name. This sum was then paid to her by the purchaser with the consent of the husband, and thereafter plaintiff and defendant joined in a conveyance of said premises.

The three thousand dollars received by defendant was deposited in bank by her in her own name, with plaintiff's knowledge and consent, and thereafter she purchased for two thousand five hundred dollars the lot in controversy, paying therefor out of the said three thousand dollars, and taking a deed thereof in her own name.

It further appears that after the commencement of this action plaintiff filed for record a declaration of homestead on the lot in question, but the declaration was not made with the defendant's consent.

It is contended by appellant that as the marriage relation between the parties herein has never been severed, the wife held the proceeds of the sale of the homestead charged with the same trust that she held the title to the homestead, and that when such proceeds were invested in another home, it became, as it had always been, community property.

The effect of the deed from plaintiff to defendant, conveying the property out of which the homestead was

carved by the wife's declaration, was to vest in her the legal title subject to the husband's rights in the homestead (*Schuler* v. *Savings and Loan Society*, 64 Cal. 397; *Burkett* v. *Burkett*, 78 Cal. 310; 12 Am. St. Rep. 58); and so long as the property continued to be impressed with the character of a homestead it could not be extinguished during the existence of the marriage relation, except by the joint act of husband and wife in the mode pointed out by the statute.

In the case before us, the premises from which the homestead was selected by the wife were afterwards sold, but the wife refused to join in the deed unless the sum of three thousand dollars, one half of the proceeds realized from said sale, were paid over to her "and put in her own name." This the husband consented to, and after receiving said sum from the purchaser in pursuance of such consent, she joined with her husband in a conveyance to the purchaser of the premises. This joint conveyance was an abandonment of the homestead, under section 1243 of the Civil Code, and the proceeds so received by her from said sale became, by virtue of the deed of January 11, 1886, her separate property, and under the rule laid down in *Schuler* v. *Savings and Loan Society*, 64 Cal. 397, they became her separate property, independent of the deed.

It therefore follows that the judgment decreeing the lot in controversy to be the separate property of defendant, and the husband's declaration of homestead thereon to be void because made without her consent, should be affirmed, and we so advise.

Vanclief, C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.