[L. A. No. 752.   In Bank.—February 14, 1900.]

## J. L. DE JARNATT, Respondent, v. PASCUAL MARQUEZ, Appellant.

PROMISSORY NOTE—ATTORNEYS' FEES—SPECIAL DAMAGE.—Attorneys' fees, provided for in a promissory note in the event of suit, are in the nature of special damage under the contract.

ID.—ACTION IN JUSTICE'S COURT—JURISDICTION—VOID JUDGMENT.—A justice's court has no jurisdiction of an action upon such a promissory note, where the amount of the principal sum and the attorneys' fees demanded under the contract exceed the sum of three hundred dollars; and the judgment rendered in such action is void.

ID.—JUDGMENT IN SUPERIOR COURT—APPEAL TO SUPREME COURT.—Where the superior court, upon appeal from the void justice's judgment, tried the case, and rendered a judgment exceeding three hundred dollars, exclusive of interest, the supreme court has jurisdiction of an appeal from that judgment, even though it be void; and such an appeal cannot be dismissed for want of jurisdiction.

ID.—DISMISSAL OF APPEAL—SUFFICIENCY OF UNDERTAKING—FAILURE OF SURETIES TO JUSTIFY—ATTORNEY AS SURETY.—The appeal to the supreme court from such judgment of the superior court cannot be dismissed upon the ground that the sureties upon the three hundred dollar undertaking upon appeal failed to justify, nor upon the ground that one of the attorneys of appellant became

a surety upon the undertaking, in violation of a rule of the su-
perior court.

Id.—Violation of Rule of Superior Court Cognizable Therein.—
The violation of a rule of the superior court that an attorney
for the appellant shall not become a surety upon the undertak-
ing on appeal is a matter cognizable before that court, to be
dealt with as it may be advised.

MOTION in the Supreme Court to dismiss an appeal from
the Superior Court of Los Angeles County. Lucien Shaw,
Judge.

R. Dunnigan, and H. L. Dunnigan, for Appellant.

Hugh J. & William Crawford, for Respondent.

HENSHAW, J.—This is an application to dismiss defend-
ant's appeal. Plaintiff commenced an action in the justice's
court to recover upon a promissory note made by defendant in
the sum of two hundred and fifty dollars. The instrument
provided for the payment of attorneys' fees in the event of suit.
In his complaint in the justice's court plaintiff alleged that the
sum of one hundred dollars was a reasonable attorney's fee. He
asked judgment for the face of the note, with interest, and
attorney's fee in the sum of one hundred dollars. Defendant
joined issue in the justice's court, and, after trial, appealed to
the superior court from the judgment given against him. The
appeal was upon questions both of law and fact. After trial
*de novo* in the superior court, judgment was again given for
plaintiff for the amount of the note with interest, and for at-
torneys' fees fixed in the sum of one hundred dollars. From
the judgment of the superior court defendant took the appeal
to this court which is here sought to be dismissed.

Attorneys' fees under a contract such as this are in the nature
of special damage. (*Prescott v. Grady*, 91 Cal. 519; *Clemens v.
Luce*, 101 Cal. 432.) Plaintiff's demand, therefore, in his ac-
tion in the justice's court was for two hundred and fifty dollars,
the principal sum of the promissory note, and the one hundred
dollars pleaded by way of special damage as a reasonable attor-
ney's fee. The justice's court was therefore without jurisdic-
tion and its judgment void. (Code Civ. Proc., sec. 112, subd. 1.)
Whether or not, upon a showing of these facts, the superior

court should have declared the judgment of the justice's court void, still as it tried the case and rendered a judgment against defendant for over three hundred dollars, he has the right of appeal to this court from that judgment, even though it be void.

The fact that the sureties did not justify upon the three hundred dollar appeal bond is not a ground for dismissal of the appeal. (*Hill v. Finnigan*, 54 Cal. 311; *Tompkins v. Montgomery*, 116 Cal. 120.) Nor is the further fact that one of the attorneys of appellant became a surety upon the undertaking on appeal in violation of a rule of the superior court a ground of dismissal. It is a matter cognizable before that court, to be dealt with as it shall be advised.

The motion to dismiss is denied.

McFarland, J., Temple, J., Van Dyke, J., Harrison, J., and Garoutte, J., concurred.