[Civ. No. 2493.    Third Appellate District.—October 18, 1922.]

THOMAS H. DUNNE et al., Respondents, v. L. E. HITE
et al., Appellants.

[1] JUSTICE'S COURT—AMOUNT CLAIMED—JURISDICTION.—It is no
valid objection to the jurisdiction of the justice's court that the
amount claimed exceeds the sum of three hundred dollars, provided
the action is upon a contract and the amount claimed, exclusive
of interest, is less than three hundred dollars.

[2] ID.—BOND TO PREVENT ATTACHMENT—ACTION ON—APPEAL—EVI-
DENCE—PRESUMPTION OF JURISDICTION.—If the jurisdiction of the
superior court to render judgment in favor of the plaintiff in
an action on a bond executed to prevent levy of a writ of attach-
ment issued out of the justice's court in a prior action by plaintiff
depends upon the jurisdiction of the justice's court in such prior
action, on appeal from the judgment of the superior court in
favor of the plaintiff it will be presumed, in the absence of any-
thing in the record to the contrary, that the evidence at the trial
in the superior court showed such jurisdiction in the justice's court.

[3] ID.—AMOUNT DEMANDED—ATTACHMENT.—In an action in a justice's
court, if the sum demanded, exclusive of interest, is less than
three hundred dollars, a writ of attachment may issue for the
full amount of the demand, even though it may exceed three
hundred dollars.

APPEAL from a judgment of the Superior Court of Yuba
County.   Eugene P. McDaniel, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. E. Davies for Appellants.

Arthur J. De Lorimier for Respondents.

BURNETT, J.—The action was upon a bond, executed by
appellants, to prevent the levy of a writ of attachment issued
out of the justice court of Marysville township in the county
of Yuba, in an action wherein respondents herein were plain-
tiffs and one W. C. Trefry was defendant.   The plaintiffs

---

1. Amount claimed or amount due as determining jurisdiction
of a justice of the peace, note, Ann. Cas. 1912A, 1284.

therein obtained judgment against said Trefry in the sum of $280 principal sum and $24.93 interest, and costs of suit. Execution on said judgment was issued and returned unsatisfied. Whereupon this suit was brought in the superior court of said county of Yuba upon said bond to recover the amount of said judgment. The appeal is from the judgment on the judgment-roll.

Said undertaking was in the following form:

"(Title of Court and Cause.)

"Undertaking to Constable to Prevent Attachment.

"Whereas, the above named plaintiffs have commenced an action in the Justice's Court of Marysville Township, County of Yuba, State of California, against the above named defendant, claiming that there is due to said plaintiffs from said defendant, the sum of three hundred and four and 93/100 dollars, or thereabouts, and thereupon an attachment issued against the property of said defendant as security for the satisfaction of any judgment that may be recovered therein;

"And whereas, the constable of said Marysville Township is about to levy upon certain property and effects of said defendant under and by virtue of said writ of attachment;

"And whereas, the said defendant is desirous that said property shall not be attached and seized by said constable, by virtue of said writ;

"Now, therefore, we the undersigned, residents and house holders in the County of Yuba, State of California, in consideration of the premises, and also in consideration of said property above mentioned not being attached or seized by said constable by virtue of said writ of attachment, do hereby jointly and severally undertake in the sum of six hundred and fifty (650) dollars, and promise that if the plaintiffs shall recover judgment in the said action, defendant will, on demand, pay to plaintiffs the amount of whatever judgment may be recovered in said action, together with the percentage, interest and costs, and as required by the terms of the judgment, and if defendant shall not so pay, we will.

"L. E. HITE.   (Seal)

"J. D. POOLE.   (Seal)

"Dated the 13th day of August, 1921.

"State of California,

"County of Yuba.—ss.

"L. E. Hite and J. D. Poole, whose names are subscribed as the sureties to the above undertaking, being severally duly sworn, each for himself, deposes and says: That he is a resident and house holder of the County of Yuba, State of California, and is worth the sum in the said undertaking specified as the penalty thereof, over and above all his debts and liabilities, exclusive of property exempt from execution.

"L. E. HITE.

"J. C. POOLE.

"Subscribed and sworn to before me, this 13th day of August, 1921.

"(Seal)                WALDO S. JOHNSON,

"Notary Public in and for the County of Yuba, State of California."

The sufficiency of the complaint is not questioned by appellants, nor, indeed, is any defect therein apparent. The answer denied "each and every, all and singular, the allegations in said amended complaint contained," and for a further and separate defense alleged:

"(a) That on or about the 10th day of August, 1921, in an action then pending in the justice court of Marysville Township, County of Yuba, State of California, wherein Thomas H. Dunne and J. B. Dunne were plaintiffs, and one Walter C. Trefry defendant, the said Justice Court issued a writ of attachment, a copy whereof is hereunto attached, marked exhibit 'A' and made a part hereof.

"(b) That said writ of attachment was delivered to the constable of said Marysville Township, and on or about the 13th day of August, 1921, the defendants herein did make, execute and deliver to said constable their bond and undertaking in the sum of $650 to prevent the said constable from levying upon the property of the said Walter C. Trefry, the defendant in said action, under and by virtue of said writ of attachment.

"(c) That said bond is the subject of this action and a copy thereof is hereunto attached, marked exhibit 'B,' and made a part hereof.

"(d) That it appears on the face of said writ of attachment that the amount claimed by plaintiffs is and was the sum of $304.93, which said sum is and was in excess of the

jurisdiction of the said Justice Court of said Marysville Township. That neither said Justice of the peace of said township, nor the said Justice Court of said Township, had any jurisdiction to issue said writ of attachment for said sum of $304.93 as aforesaid, and by reason thereof, the bond herein sued on is wholly void.''

[1] It is no valid objection to the jurisdiction of the justice court that the amount claimed exceeds the sum of $300, provided the action is upon a contract and the amount claimed, exclusive of interest, is less than $300. (Sec. 112, Code Civ. Proc.; *Bartnett* v. *Hull*, 19 Cal. App. 91 [124 Pac. 885]; *Bradley* v. *Kent*, 22 Cal. 170; *Solomon* v. *Reese*, 34 Cal. 28.)

[2] To ascertain whether said justice court had jurisdiction of the action as thus limited by section 112 of the Code of Civil Procedure, we are confined to an examination of the judgment-roll, since there is no bill of exceptions and the appeal was not taken by the "alternative" method. The judgment-roll herein consists of the amended complaint, the answer and the judgment, findings having been waived. (Sec. 670, Code Civ. Proc.) The complaint alleges that, in the said action in the justice court, judgment was rendered in favor of the plaintiffs therein for the sum of $280, "together with $24.93 interest on the said sum, together with plaintiffs' costs, amounting to seven dollars.'' The intendments are, of course, in favor of the jurisdiction of the superior court, and in the absence of the evidence we must assume that the proof showed that such was the judgment of the justice court and that it followed and conformed to the allegations of the complaint in said action. In other words, if the jurisdiction of the superior court to render the judgment in this action depended upon the jurisdiction of the justice court in the other case, we must take it for granted, in the absence of anything in the record to the contrary, that the evidence at the trial herein showed such jurisdiction in the justice court. This proposition is evidently sound and is not disputed by appellants and we, therefore, pursue it no further.

There is, however, printed in the transcript what purports to be a copy of the complaint, demurrer, and answer that were filed in said cause in the justice court. If we may consider the copy of said complaint, it is apparent that a cause

of action was stated for $280 and interest on a promissory note, thus bringing the case within the jurisdiction of the justice court. It is true that in the prayer of the complaint plaintiffs asked for an attorney's fee, but no fact was alleged showing that they were entitled to any such fee. We must look to the body of the complaint to ascertain the jurisdiction, and therein we find that the justice court properly entertained the action.

But it is apparent, as before stated, that these pleadings in the justice court cannot be considered because not authenticated as the law requires. The truth is, that, since findings were waived, and no claim is made that the judgment is not in proper form or that the complaint is insufficient, no legal proposition is presented by the judgment-roll for discussion.

[3] The justice court having jurisdiction of the cause, the amount being composed of $280 principal and $24.93 interest, undoubtedly had authority to issue a writ of attachment for said sum. It is true that the amount for which the writ is issued is determined by the affidavit required in section 538 of the Code of Civil Procedure (*De Leonis* v. *Etchepare,* 120 Cal. 407 [52 Pac. 718]), but said affidavit does not appear in the record and we assume that it conformed to the allegations of the complaint, indeed was identical as to what was due. The court manifestly cannot issue the writ for more than is demanded in the complaint, since no judgment can exceed the amount so demanded. (*Ralphs* v. *Bruns,* 22 Cal. App. 153 [133 Pac. 997].) But where the court has jurisdiction of the action the writ may issue for the amount claimed or any less amount, provided that in the justice court the sum claimed must exceed ten dollars exclusive of interest. (Sec. 866, Code Civ. Proc.)

The foregoing is sufficient to show that the judgment must be upheld and there is no necessity for considering other reasons urged by respondents in support of the conclusion of the trial court.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.