[Civ. No. 10225.   First Appellate District, Division Two.—February 4, 1937.]

JENNISON HEATON, Appellant, v. JUSTICE'S COURT OF TOWNSHIP No. TWO, COUNTY OF SAN MATEO, STATE OF CALIFORNIA, et al., Respondents.

Marcel E. Cerf and Robinson & Leland for Appellant.

Kirkbride & Wilson for Respondents.

STURTEVANT, J.—The petitioner, hereinafter called the plaintiff, applied to the superior court for a peremptory writ of mandate. After hearing had the trial court made findings against him and ordered judgment entered on said findings against the plaintiff. Thereafter the plaintiff made a motion to set aside said judgment and to set aside the submission for the purpose of introducing further evidence. The trial court made orders denying said motions. From the judgment and from said orders the plaintiff appealed. We do not understand the plaintiff is, at this time, presenting the appeals from the two orders made after the judgment was ordered.

On May 23, 1933, Frank C. MacDonald commenced an action in the Justice's Court of Second Township, County of San Mateo, against this plaintiff and his wife. The complaint alleged a claim for damages for a breach of contract. After a trial had, on December 19, 1933, the court rendered a judgment in favor of the plaintiff against both defendants. On July 29, 1934 (1935?), an execution was issued and the same was levied on a Dodge coupe owned by this plaintiff, Jennison Heaton, one of the defendants in said action. On August 3, 1935, Jennison Heaton appeared in said justice's court and made a motion for an order releasing said property from said levy. The motion was denied. Later he commenced this proceeding.

In his petition filed in this proceeding the plaintiff alleged:
"III.

"(a) Thereafter, a trial of said action was had in said Court without a jury, before Percy W. Jackson, Esq., then Justice of the Peace of said Court and Township, and on December 19, 1933, judgment was rendered and entered in said action by said Justice of the Peace, as appears by Docket

No. 12, Case No. 5796, at 496 in the Docket of said Court, as follows:

"(b) 'It is hereby ordered, adjudged, and decreed that the plaintiff do have and recover of and from the defendants Jennison Heaton and Beulah Heaton the sum of $299.99 damages and no costs. (The said Judgment is a limited one— to be satisfied out of the community property. Separate property of either spouse shall be exempt from satisfaction of this Judgment, except such separate property as either spouse may have received during their marriage and while living together, by gift from the other spouse.)'

"(c) One Wesley B. Doe is now and was prior to July 29, 1935, the owner and holder of said judgment by virtue of an assignment thereof to said Wesley B. Doe by said plaintiff." (Lettering and parentheses ours.) In its answer the justice's court replies as follows:

"II.

"Answering Paragraph III, respondents deny that the judgment reads as stated therein, and allege that the same reads as follows: Said judgment is entered in the docket in ink with the date in the left hand column 'Dec. 19' and on the right hand side thereof is the following entry in ink:

"'It is hereby ordered, adjudged and decreed that the plaintiff do have and recover of and from the defendants Jennison Heaton and Beulah Heaton, the sum of $299.99 damages—no costs.

"'Percy W. Jackson.'

"That the left hand edge of a slip of paper, or rider, is pasted to the left of said date, which contains the following in typewriting:

"'Judgment is limited one—to be satisfied out of the community property. Separate property of either spouse shall be exempt from the satisfaction of this judgment, except such separate property as either spouse may have received during their marriage and while living together, by gift from the other spouse.'

"That said typewritten slip or rider is undated and unsigned, nor is there any evidence as to by whom the same was written or pasted in said book, or when. That there is no mark or indication evidencing that the same is or constitutes a judgment, or that the same is or was intended to be a por-

tion of the foregoing judgment in ink which is dated and signed by the then presiding Justice.

"Further answering the allegations of Paragraph III, respondents allege that the rider and purported qualification is unsupported by any allegations in the pleadings and contrary to law, and is null and void on its face and of no effect. That if said purported slip or rider is a portion of said judgment, then the same is separable therefrom without affecting the validity of the judgment in ink which is dated and signed by the presiding Justice."

The trial court made a finding:

"II.

"That each and all of the allegations contained in the last paragraph of paragraph III of the petition, are true; and with reference to each and all of the other allegations in said Paragraph III of said petition, the Court finds the facts to be as stated in Paragraph II of the answer and return."

On the hearing no witness was called. The plaintiff introduced in evidence over the objection of the defendant a letter:

"Law Offices of
"MARCEL E. CERF,
"Mills Tower                                January 19, 1934
"Hon. Percy W. Jackson,
"City Hall,
"San Mateo, California

"Re: MacDonald vs. Heaton.

"Dear Judge Jackson:

"In preparing the appeal in the above noted matter, I find that it is necessary to have the exact language in which the judgment appears on your docket. I would appreciate it if you would be so kind as to let me have this at your earliest convenience.

"R:MH
"1025                                Very truly,

"HENRY ROBINSON

"It is hereby ordered, adjudged, and decreed that the plaintiff do have and recover of and from the defendant Jennison Heaton and Beulah Heaton the sum of $299.99 damages and no costs. The said Judgment is limited one—to be satisfied out of the community property. Separate property of either spouse shall be exempt from satisfaction of this

judgment, except such separate property as either spouse may have received during their marriage and while living together, by gift from the other spouse.'' He now claims that the portion below ''Henry Robinson'' was written by the justice of the peace. The plaintiff also offered in evidence over the objection of the defendant a purported transcript of the justice's docket. It is a copy of the wording of the docket but it does not show that the portion of the judgment enclosed in brackets as above set forth was a typewritten rider and that the signature of the trial judge followed the words ''no costs'' and not the words ''other spouse''. He introduced the affidavit of his attorney notwithstanding the objection of the defendant. Later the first paragraph was stricken out. The rest of the affidavit merely identifies the letter and transcript of the docket. He also introduced the affidavit of James B. Healy, but it was stricken out. The defendant introduced the docket of the justice of the peace and later obtained permission to withdraw it. No other evidence was introduced.

It is conceded by both parties that the case presents a question of collateral attack on a judgment of a justice of the peace, that is, of an inferior court. It should also be conceded that, as stated in *Newman* v. *Barnet,* 165 Cal. 423, at page 425 [132 Pac. 588] :

''It is well settled that where one relies on a judgment rendered in a justice's court, the burden is upon him to show that the justice has acquired jurisdiction to render it. 'The jurisdiction of justices' courts being special and limited, the law presumes nothing in favor of their jurisdiction and a party who asserts a right under a judgment rendered in such court must show affirmatively every fact necessary to confer such jurisdiction.' (*Rowley* v. *Howard,* 23 Cal. 401.) ''

The trial court's finding number II was to the effect that there was no evidence that the typewritten rider pasted on the docket was any portion of the judgment rendered by the justice's court. In the face of the facts as hereinabove set forth it is clear that we may not say said finding is not supported by the evidence.

For all of the purposes of this case we will now assume the rider was a part of the judgment, that in the trial of the case in the justice's court the parties put in issue the question as to what property, community or separate, would be liable to

levy in the event the plaintiff was given a judgment, and that that court, in determining the action, attempted to cover that issue. ■ The action arose out of the claim of a nurse girl's contract of hire. Such claim was for necessaries of life (45 C. J. 582), and the separate property of the husband would be liable. (Civ. Code, sec. 171; Stats. 1915, p. 920.) It follows that the rider stated an incorrect rule of law in so far as it provided that the husband's separate property would not be liable. ■ But, whether the ruling written on the rider was right or wrong, this plaintiff asserts the justice's court had jurisdiction, the ruling was within the issues, and at most, its ruling was voidable but not void. Again, assuming he is right in that contention, it does not take him far. He is applying for a writ of mandate. That writ will not be issued on mere technical grounds. Its design is to do substantial justice and prevent substantial injury. (*Neto* v. *Conselho Amor etc.*, 18 Cal. App. 234 [122 Pac. 973].) Moreover, it is a discretionary writ. (*Williams* v. *City of Stockton*, 195 Cal. 743 [235 Pac. 986] ; *Hanlon* v. *Superior Court*, 124 Cal. App. 485 [12 Pac. (2d) 963].) No authority is cited, and we know of none, that would require a court to issue a prerogative writ to enforce a portion of a judgment which is clearly erroneous.

■ The plaintiff made a motion for a new trial on the ground, among others, of newly discovered evidence. In support of his motion he produced the affidavit of Judge Percy W. Jackson, who was the justice of the peace before whom the original action was tried. But the plaintiff made no showing that with reasonable diligence he could not have discovered and produced such evidence at the time of the trial. The court did not err in denying the motion.

■ As the appeals from the orders made after judgment are not briefed we assume they are abandoned. Those two appeals are dismissed. The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.