[Civ. No. 6948. Third Dist. Dec. 23, 1943.]

SCHULER-KNOX COMPANY (a Corporation), Respondent, v. FRANK C. SMITH et al., Appellants.

H. R. Whiting, Morgan V. Spicer, and W. W. Sanderson for Appellants.

Daniel S. Carlton and Oliver J. Carter for Respondent.

THOMPSON, J.—The defendants, Frank C. and Anna Clo Smith, husband and wife, have appealed from a judgment which was rendered in favor of plaintiff in this suit to quiet title and to recover possession of ten lots, together with the dwelling house and improvements thereon, situated in Siskiyou County. The plaintiff relied on title alleged to have been acquired by purchase of the property at an execution sale to satisfy a previous judgment by default in the sum of $131.50, which was recovered in a justice's court of Butte Township in that county.

The appellants assert that the justice's court judgment against them is void for lack of jurisdiction because they did not reside in the township in which that court is located and that the findings and judgment in this case are not supported by the evidence since the plaintiff failed to sustain the burden of affirmatively proving that the justice's court had jurisdiction of the subject matter and of the persons of the defendants in the former trial, and that there is no presumption in favor of the jurisdiction of an inferior court.

The appellants Frank C. and Anna Clo Smith are husband and wife. They owned ten lots, with the dwelling house and

other improvements thereon near Dunsmuir, in Block B-5 of Collier Tract, in Section 36, Township 39 North, Range 4 West, M.D.M., in Siskiyou County. In July, 1930, suit was commenced by this plaintiff against Mr. and Mrs. Smith in the Justice's Court of Butte Township, Siskiyou County. The defendants were served with summons in Mott Township of that county. They failed to appear or answer in that action. Judgment by default was rendered against them July 30, 1931, for the sum of $131.50 and attorney's fees in the further sum of $25. August 3, 1931, Anna Clo Smith filed a declaration of homestead, declaring that the land was worth $5,000, but she failed to state that Frank C. Smith, her husband, had not previously selected a homestead, or that she claimed the homestead in behalf of herself and her husband. November 7, 1931, Mrs. Smith recorded a second homestead in which she properly stated all the facts required by section 1263 of the Civil Code. Prior to the filing of the second declaration of homestead, the plaintiff recorded on October 28, 1931, an abstract of the judgment of the justice's court as required by section 674 of the Code of Civil Procedure, thereby creating a lien on the property. September 16, 1933, Anna Clo Smith filed a petition in bankruptcy in the United States District Court, and was thereafter adjudged to be a bankrupt. Upon petition therefor, that court set the homestead apart to her as exempt. She was discharged in bankruptcy February 19, 1934. On September 28, 1933, the Constable of Butte Township, Siskiyou County, sold the ten lots, together with the dwelling house and improvements thereon, at execution sale en masse, and not in separate parcels, to the plaintiff Schuler-Knox Company, for the unpaid balance of the justice's court judgment, in the sum of $105.73. November 22, 1934, after the time for redemption had expired, the constable conveyed the property by deed to the purchaser. The appellants remained in possession.

This suit to quiet title to the said property and to recover possession thereof was commenced July 29, 1937. For a valuable consideration Frank C. and Anna Clo Smith sold and conveyed the property to Nora Kathleen Trapp August 11, 1937. A general demurrer to the complaint was overruled. The defendants, Mr. and Mrs. Smith, answered the complaint, denying the material allegations thereof, and affirmatively alleging their homestead rights as previously stated

and the adjudication of bankruptcy as a bar to the action. Nora Kathleen Trapp, who was made a party defendant, separately answered the complaint, denying the material allegations thereof, and also filed a cross-complaint alleging the purchase and ownership of the property and the execution of the deed to her as previously stated. She also alleged the other affirmative defenses set up by Mr. and Mrs. Smith.

At the trial of this case the plaintiff, relying on his title as purchaser of the property at the execution sale, offered in evidence copies of the default judgment in the justice's court, the summons in that case with the attached affidavit of service thereof on Mr. and Mrs. Smith "in the Township of Mott, County of Siskiyou" on June 30, 1930, the constable's certificate of the execution sale of the property to the plaintiff "in one parcel," for $105.73, and his deed of conveyance executed and delivered to plaintiff November 22, 1934. To these instruments the defendants objected on the ground that they were incompetent because the justice's court judgment, upon which plaintiff relied for title, was void since that court was without jurisdiction. The objections were overruled, and they were received in evidence. No further evidence of the jurisdiction of the justice's court over either the subject matter or the persons of the defendants in that suit was adduced by the plaintiff. Neither the complaint nor the justice's docket was offered. None of the instruments received in evidence informs us of the nature of the justice's court action, the amount of the "demand" of the plaintiff or the township in which the defendants resided. On the contrary, the affidavit of service of the summons affirmatively avers that said defendants were served in Mott Township, and not in Butte Township, where the justice's court is located.

The court adopted findings favorable to the plaintiff in every respect and rendered judgment to the effect that plaintiff is the owner and entitled to possession of the real property in question, and that the defendants and neither of them have any right, title or interest therein. From that judgment Frank C. and Anna Clo Smith have appealed.

The chief issue on this appeal is whether the plaintiff sustained the burden imposed upon it by law to affirmatively prove that the justice's court had jurisdiction of either the subject matter or the persons of the defendants in the suit

in which judgment by default was rendered in its favor, and upon which judgment it relies for evidence of title to the land, since there are no presumptions in favor of the jurisdiction of an inferior court. It is contended that it was the duty of the plaintiff to affirmatively establish that jurisdiction in the justice's court, or the judgment and subsequent execution sale, and deed would be deemed to be void. For that reason, among others, it is insisted the findings and judgment in this case are not supported by the evidence.

The plaintiff in this case had the burden of proving that the justice's court acquired jurisdiction of the subject matter and of the persons of the defendants in that former suit, since nothing is presumed in favor of the jurisdiction of an inferior court. The plaintiff failed to sustain that burden. There was no proof in this case that the demand of the complaint in the justice's court was for a sum not to exceed $300, or that the defendants resided in Butte Township in which that court was located. The affidavit of the constable who served the summons averred that he delivered it to the defendants in Mott Township. Neither the pleadings nor the docket was offered in evidence. The defendants did not stipulate in this case to the jurisdiction of the justice's court in the former action. The record is devoid of evidence that the justice's court had jurisdiction of either the subject matter or of the persons of the defendants in that case. At the trial of this case the defendants objected to the introduction of the certificate and to the constable's deed on the execution sale of the land to satisfy the judgment of the justice's court, on account of a lack of proof of its jurisdiction, which was overruled. For failure to prove the jurisdiction of that court, the judgment, certificate and deed were incompetent in this suit as evidence of plaintiff's title. The objection to those instruments should have been sustained.

It is a uniform rule supported by numerous authorities that since the functions of a justice's court are merely special and limited, nothing is presumed in favor of its jurisdiction, and a party who asserts a right under a judgment rendered by that court *must show affirmatively every fact* necessary to confer jurisdiction. (*Newman* v. *Barnet*, 165 Cal. 423 [132 P. 588] ; *Heaton* v. *Justice's Court*, 19 Cal. App.2d 118 [64 P.2d 1004] ; *Gray* v. *Gieseke*, 108 Cal.App.

271, 274 [291 P. 590, 292 P. 656] ; *Rowley* v. *Howard*, 23 Cal. 401; 15 Cal.Jur. 503, sec. 37.)

█ It is the amount of the "demand" of a complaint which determines the jurisdiction, and not the sum for which judgment is ultimately rendered. (Sec. 112, subd. 2(a), Code Civ. Proc.) We must look to the body of the complaint to ascertain the jurisdiction. (*Dunne* v. *Hite,* 59 Cal.App. 370, 374 [210 P. 839].) It has been held that a judgment rendered in a justice's court upon a demand for a sum in excess of the jurisdictional limitation of that tribunal is void. (*De Jarnatt* v. *Marquez,* 127 Cal. 558 [60 P. 45, 78 Am.St.Rep. 90].) In the case last cited the complaint demanded payment of a promissory note for $250, which note also provided for reasonable attorney's fees. The plaintiff asked for and received judgment for the additional sum of $100 as attorney's fees. On appeal the Supreme Court said:

"Plaintiff's demand, therefore, in his action in the justice's court was for two hundred and fifty dollars, the principal sum of the promissory note, and the one hundred dollars pleaded by way of special damage as a reasonable attorney's fee. *The justice's court was therefore without jurisdiction and its judgment void.*"

█ We do not mean to infer that it affirmatively appears in this case that the suit in the justice's court was actually for a sum in excess of $300. We merely hold, in accordance with the preceding authorities on that subject, that the burden was on the plaintiff in this case to prove affirmatively that the justice's court had jurisdiction of both the subject matter and the persons of the defendants in that action, and that it failed to do so. It therefore follows that the findings and judgment in this case are not supported by the evidence. The record in this case is devoid of evidence of either the nature of the justice's court action, or the amount of the demand of the complaint therein. █ It does not appear that the demand of the complaint in the justice's court was not for a sum in excess of $300, or that the defendants actually resided in Butte Township where the court was situated. These are necessary jurisdictional requirements.

█ The respondent contends that since the defendants did not appear in the justice's court and that judgment by default was rendered against them, they therefore waived their right to object at the trial of this case to the jurisdic-

tion of that court. It has been definitely held that it is not necessary for a defendant to appear in an inferior court and object to its jurisdiction as a prerequisite to challenging that jurisdiction in a subsequent suit. (*Lowe* v. *Alexander,* 15 Cal. 296; 15 Cal.Jur. 473, sec. 18.) The last mentioned case has never been overruled or modified. It is the law of this state. The Lowe suit was instituted to recover possession of a mining claim in Sierra County. It involved a collateral attack upon the judgment of an inferior court upon which the defendant relied to support his claim of title. An objection to the jurisdiction of the justice's court was raised in the subsequent trial for possession of the property. For failure on the part of the plaintiff to prove that jurisdiction the objection was sustained. On appeal the judgment which was accordingly rendered was affirmed. ▇ In the present case the defendants raised the same question of the lack of proof of jurisdiction of the justice's court by objecting to the introduction of the summons, the return of the constable showing service thereof in a township other than the one in which the justice's court was located, the certificate of sale of land and the officer's deed. Those objections were erroneously overruled. The plaintiff failed to introduce proof of the jurisdiction of the justice's court over either the persons of the defendants or the subject matter. The record contains no evidence that Mr. or Mrs. Smith ever resided in Butte Township in which that court was located. In the Lowe case the court said:

"The reasonable conclusion is that he (the defendant) was a resident of the township in which he was served, but independent of this, we think it was incumbent upon the parties seeking to avail themselves of the judgment, to show affirmatively, from the record itself, that the Justice had jurisdiction. It is well settled that no intendments can be indulged in favor of the jurisdiction of inferior courts, but that their jurisdiction must affirmatively appear, *or their judgments will be absolutely void.* 'The general distinction seems to be fully agreed, that power and authority shall be intended as to courts of general jurisdiction, but as to inferior or limited courts, those who claim any right or exemption under their proceedings are bound to show affirmatively that they had jurisdiction.' . . . There is no doubt about the law on this subject, and the authorities are so numerous,

and so familiar to the profession, that a citation to them is entirely unnecessary. As the record in this case does not show that the suit was brought in the proper township, we are forced to hold that the proceedings were *coram non judice* and void. *It was not necessary for the defendant to appear and object to the jurisdiction.* He could have waived the objection by a voluntary appearance, but the jurisdiction is an affirmative matter, to be shown by the record, and the question is not whether the defendant appeared and objected, but whether the affirmative matter sufficiently appears upon the face of the record.''

It is true that the return of an officer showing service of process upon a defendant in the township in which the justice's court is located is prima facie evidence of his residence therein. (*Gregory* v. *Bovier,* 77 Cal. 121 [19 P. 232]; *Fagg* v. *Clements,* 16 Cal. 389.) No such evidence appears in this case. On the contrary, the return of the officer in this case shows that the defendants were served with the summons only in a township other than the one in which the justice's court is located.

The cases of *Vance* v. *Superior Court,* 48 Cal.App. 327 [191 P. 945], and *Gulick* v. *Justice's Court,* 101 Cal.App. 619 [281 P. 1031], upon which the respondent relies, are not in conflict with the Lowe case with respect to the necessity of affirmatively showing the jurisdiction of the justice's court by one who relies on a judgment rendered therein, even though the judgment is entered by default.

All that the Vance and Gulick cases hold in that regard is that a defendant who appears generally in a suit against him in a justice's court thereby waives his right to challenge the jurisdiction of that court in a subsequent action. This rule assumes that by a general appearance of a defendant, he is estopped from denying the jurisdiction of the court, even though he may actually reside in another township. It is said in those cases that if the defendant desires to challenge the jurisdiction under such circumstances he must appear specially for that purpose, if at all, or he waives his right. The Lowe case, however, determines that if a defendant does not appear in court and allows a judgment by default to be rendered against him, he does not thereby waive his right to challenge the jurisdiction of that court. It is a familiar and trite statement of the law

that a party to a suit may challenge the jurisdiction of the court in which it is pending at any time or place. A question of the lack of jurisdiction may be raised in any court. (15 Cal.Jur. 52, sec. 141.)

The appellants contend that the execution sale is invalid for the reasons that the lots were not sold in separate parcels as required by section 694 of the Code of Civil Procedure, and because several lots, together with a substantial dwelling house and improvements, which were alleged in a declaration of homestead to be of the value of $5,000, were sold for the grossly inadequate sum of $105.73 to satisfy the unpaid portion of the justice's court judgment.

It has been held a sale of real property under execution may not be collaterally attacked in a suit to quiet title after the statutory period of redemption has expired on the mere ground that the lots were not sold in separate parcels as required by section 694 of the Code of Civil Procedure. (*Gregory* v. *Bovier, supra; Mitchell* v. *Alpha Hardware & Supply Co.,* 7 Cal.App.2d 52 [45 P.2d 442]; *Bechtel* v. *Wier,* 152 Cal. 443 [93 P. 75, 15 L.R.A.N.S. 549].) The manner of the sale of land on execution is merely procedural in its nature. The irregularity of selling land en masse instead of in separate parcels does not affect the jurisdiction of the court and apparently may be waived by failure to object to such sale or to move within the period of redemption to set the sale aside on that ground. (11 Cal.Jur. 89, sec. 41.)

It is true that mere inadequacy of the purchase price of property secured at an execution sale is ordinarily insufficient ground for declaring the sale to be invalid. (*Haish* v. *Hall,* 90 Cal.App. 547 [265 P. 1030]; 11 Cal.Jur. 88, sec. 40.) Nevertheless, when it clearly appears that the selling price is grossly inadequate and palpably insufficient, coupled with material irregularities of sale, lack of evidence of the jurisdiction of an inferior court to render the judgment, or fraud, a court will not hesitate to declare the sale invalid. (*Odell* v. *Cox,* 151 Cal. 70 [90 P. 194]; *Rastelli* v. *Zaca Min. Corp.,* 52 Cal.App.2d 507, 511 [126 P.2d 368]; *Haish* v. *Hall, supra;* 11 Cal.Jur. 88, sec. 40.) In the *Haish case, supra,* quoting with approval from the Odell case, supra, it is said:

" 'In fact, according to very respectable authority, inadequacy of price may be so gross as in itself to furnish satisfactory evidence of fraud or misconduct on the part of

the officer or purchaser, and justify the vacating of the sale.'
Mr. Freeman in his work on executions, in section 309, dis-
cussing this same question, said: '*Where the inadequacy is
palpable, the purchaser can retain his advantage only by
showing that the proceedings are free from fault or irregu-
larity.' "

In the present case, according to the certificate of sale,
ten lots near Dunsmuir, Siskiyou County, in Block B-5 of
Collier Tract, in Section 36, Township 39 North, Range 4
West, M.D.M., together with a dwelling house and other im-
provements, were sold "in one parcel," to satisfy the unpaid
portion of the justice's court judgment in the sum of $105.73.
The only evidence of the actual value of the property is
found in the defendants' declaration of homestead, wherein
it is stated to be worth $5,000. It is true that the re-
citals in a declaration of homestead are mere ex parte state-
ments which do not constitute competent evidence of those
facts. (*Estate of Delaney,* 37 Cal. 176; *Apprate* v. *Faure,*
121 Cal. 466 [53 P. 917]; 13 Cal.Jur. 560, sec. 132.) In the
absence of competent evidence of the actual value of the
property, we are not inclined to hold that the sale was
void on that account even though there is an apparent dis-
parity between the reasonable market value of ten lots upon
which there is a substantial dwelling house and other improve-
ments, and the sum of $105.73 for which they were sold,
which is so great as to shock the conscience of a chancellor.
For the reason that it is unnecessary in this case to so hold
we therefore refrain from determining that matter.

 The appellants claim that the execution sale of the
property in question is void on account of a homestead which
was filed thereon. We are of the opinion the judgment of the
justice's court became a lien against the land as provided by
section 674 of the Code of Civil Procedure, before a valid
homestead was filed, unless the judgment was void for lack
of jurisdiction. The homestead was therefore subject to the
judgment lien, except that in the subsequent suit to quiet
title which was dependent on the validity of that judgment
the burden was on the judgment creditor to affirmatively
prove that the justice's court had jurisdiction of the subject
matter and of the parties involved therein, which it failed
to do in this action.

The judgment of the justice's court was rendered July 15, 1930, but the abstract of judgment creating the lien was not recorded until October 28, 1931. In the meantime Anna Clo Smith declared a homestead on the property under section 1262 of the Civil Code. That declaration failed to state that her husband Frank C. Smith had not previously made a declaration of homestead, or that she was filing the homestead for the "joint benefit" of herself and her husband. Those omissions rendered the declaration fatally defective. (*Hansen* v. *Union Sav. Bank,* 148 Cal. 157 [82 P. 768]; *Cunha* v. *Hughes,* 122 Cal. 111 [54 P. 535, 68 Am.St.Rep. 67]; *Booth* v. *Galt,* 58 Cal. 254; *Reid* v. *Englehart-Davidson Merc. Co.,* 126 Cal. 527 [58 P. 1063, 77 Am.St.Rep. 206]; *Feintech* v. *Weaver,* 50 Cal.App.2d 181 [122 P.2d 606]; 13 Cal.Jur. 470, sec. 43; 26 Cal.L. Rev. 247.)

That first declaration of homestead therefore did not have the effect of creating a homestead interest in the land superior to the judgment lien. November 7, 1931, ten days after the abstract of judgment had been recorded, which created a lien provided the judgment was valid, Anna Clo Smith filed another declaration of homestead, for the apparent purpose of, and which did, supply the fatal omissions in the first declaration. But in the meantime, if the justice's court had jurisdiction, the judgment lien became vested. November 2, 1934, the land was sold under execution. September 16, 1933, Anna Clo Smith filed in the United States District Court her petition in bankruptcy. She also filed in that proceeding a petition to assign to her as exempt the homestead, which was granted on January 26, 1934. This suit for possession of the property was commenced July 29, 1937. Mr. and Mrs. Smith were then in possession of the property. On August 11, 1937, Anna Clo Smith and her husband, for a valuable consideration, conveyed the property by deed to the defendant and cross-complainant in this suit, Nora Kathleen Trapp. That absolute conveyance of the land by the joint deed of both the husband and wife constituted an abandonment of the homestead. (Sec. 1243, Civ. Code; *Oaks* v. *Oaks,* 94 Cal. 66 [29 P. 330]; *First Trust & Sav. Bank* v. *Warden,* 18 Cal.App.2d 131 [63 P.2d 329]; 13 Cal.Jur. 515, sec. 86; 26 Cal.L.Rev. 477.)

Since a valid declaration of homestead was not recorded until after the abstract of the judgment in the justice's court

had been recorded and that homestead was subsequently abandoned by the absolute transfer of title by deed of the spouses, we are of the opinion it is unnecessary to determine the effect of the claim of homestead right upon plaintiff's title or right of possession under the execution sale.

For the reason that plaintiff's title and right to the possession of the land in question depends on affirmative proof at the trial of this case that the justice's court had jurisdiction of both the subject matter and the parties defendant in the justice's court case, and that plaintiff failed to sustain that burden, it follows that the findings and judgment are not supported by the evidence.

The judgment is reversed.

Adams, P. J., and, Peek, J., concurred.

A petition for a rehearing was denied January 21, 1944. Adams, P. J., voted for a rehearing. Respondent's petition for a hearing by the Supreme Court was denied February 21, 1944. Schauer, J., voted for a hearing. Carter, J., did not participate therein.