[Civ. No. 8760.   Fourth Dist., Div. One.   Feb. 19, 1968.]

DORWYN G. TURNBULL, Plaintiff and Respondent, v. JACK W. HAYES, as Administrator, etc., et al., Defendants and Appellants.

Billy Hulsey Frank and Murry Luftig for Defendants and Appellants.

Fredman, Silverberg & Shenas, Lewis H. Silverberg and Robert James Berton for Plaintiff and Respondent.

BROWN (Gerald), P. J.—In March 1946, married woman Mattilee French Hayes recorded a purported declaration of homestead covering part of her separate property. Her husband died in 1961. She died in May 1963. In July 1963, plaintiff Dorwyn G. Turnbull's assignor executed on a lien on the property. Plaintiff filed this action to quiet title to or to foreclose a lien on the property. Defendant Jack W. Hayes is the administrator of the Hayes estate. Defendant Max M. Lichty is now owner of the property, subject to the administration of the Hayes estate. The trial court decided Mattilee Hayes' homestead declaration was invalid because it did not state ''her husband had not made such a declaration,'' or words to that effect, as required by Civil Code, section 1263, subdivision 1. The judgment, from which defendants appeal, orders public sale of the property.

Defendants contend Mattilee Hayes' homestead declaration was valid. In substance, defendants argue she substantially complied with Civil Code, section 1263, subdivision 1, because her declaration showed she was married, her husband's name and the homestead was on separate property. This failed to show, however, her husband had not previously declared a homestead. The purpose of such a declaration is to show the spouses are only claiming one homestead (*Johnson* v. *Brauner,* 131 Cal.App.2d 713, 719 [281 P.2d 50] ; *Strangman* v. *Duke,* 140 Cal.App.2d 185, 189 [295 P.2d 12] ; *Schuler-Knox Co.* v. *Smith,* 62 Cal.App.2d 86, 98 [144 P.2d 47]). The declaration was invalid.

Defendants also argue none of the cases decided under Civil Code, section 1263, subdivision 1, deal with a wife homesteading her separate property. This attempt to distinguish the cases does not distinguish the statute which speaks generally. Whether the homesteaded property is owned separately or jointly is unimportant. What is important is that the spouses do not claim more than one homestead.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 17, 1968.